## MITCHELL *v.* YOUNG.

### Opinon delivered November 5, 1906.

1. LANDLORD AND TENANT—RIGHTS OF SUBTENANT.—Where' there is no covenant against subletting, a lessee has a right to sublease all or any part of the leased premises; and when he does so, he can not, by a surrender of the leased premises to the landlord, defeat the rights of his undertenant, which will continue as if there had been no surrender, the undertenant holding directly from the landlord. (Page 443.)

2. APPEAL—BRINGING UP THE EVIDENCE.—It is not necessary on appeal that the bill of exceptions expressly state that it contains all of .the evidence; it being sufficient if it appears inferentially or by natural .implication from the language used that it contains all the evidence. (Page 444.)

3. SAME—EXCEPTION—HOW BROUGHT UP.—It is sufficient if the record shows that appellant objected to the overruling of the motion for new trial, though such fact is not set forth in the bill of exceptions. (Page 444.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*James A. Comer,* for appellant.

1. Under the contract between Torrey and appellant, the latter's lease of the lobby of the hotel for barber shop purposes was renewed and extended by the renewal of Torrey's lease of the hotel, and did not terminate until the expiration of Torrey's renewed lease. 18 Am. & Eng. Enc. Law, 617; *Ib.* 618; *Ib.* 689; *Ib.* 690; 17 Am. & Eng. Enc. Law, 21 *et seq.;* 55 Ark. 414.

2. Appellant was not present, had no notice of, nor did he consent to, the proceedings in the probate court to cancel the lease. Such proceedings can not affect his rights. Wood on Landlord and Tenant, § 499; 18 Am. & Eng. Enc. Law, 366.

3. If appellant's tenancy should be construed as a tenancy from year to year, he had held over for two years and three months, and was entitled to possession until the end of the third year. 61 Ark. 377. If he was a tenant at will, he was entitled to thirty days' notice to quit. 65 Ark. 471.

*Bradshaw, Rhoton & Helm,* for appellee.

1. The bill of exceptions must contain all the evidence, and must affirmatively show that fact. 48 Ark. 45; 38 Ark. 102; 42 Ark. 30. Unless it purports to set out all the evidence, this court will presume that the rulings of the lower court on questions of evidence and instructions were correct. 44 Ark. 74; 54 Ark. 159; 46 Ark. 67.

2. Appellant failed to except to the overruling of his motion for a new trial. Hence he is without relief here.

3. If the court should consider the motion for new trial in this case, appellant is still without relief, for "moving for a new trial waives all exceptions taken at the trial and not incorporated in the motion." 1 Crawford's Digest, 122 *et seq.* and cases cited.

4. There is no evidence to support the contention that appellant was entitled to a month's notice to quit. Moreover, if the notice was insufficient, he should have objected to the testimony at the time it was offered.

5. The presumption is that the probate court acted correctly in cancelling the lease. Appellant had no renewal lease, and under the statute of frauds his tenancy was at will. Kirby's Digest, § 3664.

*James A. Comer,* for appellant in reply.

The record as corrected *nunc pro tunc* shows that the defendant at the time excepted to the overruling of the motion for new trial. The circuit court has the power to amend a bill of exceptions so as to speak the truth, even after the expiration of the term at which allowed. 59 Ark. 54. The motion for new

trial is sufficiently brought before the court.  43 Ark. 391; 55 Ark. 366; 73 Ark. 159.  It will be presumed that a bill of exceptions duly certified by the trial judge contains a true statement of the evidence which it purports to set out.  67 Ark. 223; 49 Ark. 364.  It is not necessary that the bill of exceptions contain all the evidence, where it is assigned as error that the court erred in directing the verdict for the plaintiff.  It is sufficient to show that there was some evidence on the part of defendant.  62 Ark. 64.

HILL, C. J.  Appellee Young, as lessee of the Metropolitan Hotel in the city of Little Rock, brought an action of unlawful detainer against Mitchell, the appellant, to obtain possession of a room in the lobby of said hotel occupied by Mitchell as a barber shop.  On the trial before a jury the court directed a verdict for the plaintiff in said action, and Mitchell appealed.

The evidence develops these facts: The Metropolitan Hotel was owned by one Young, and at his death passed to his heirs and was probably controlled by the administrator.  Torrey had a lease upon it, and during his lease he sub-leased the barber shop to Mitchell.  This was in writing, and stipulated that. should Torrey get a renewal of his lease, it would carry a like renewal of Mitchell's lease of the barber shop.  Torrey did obtain a renewal, and recognized Mitchell's renewed lease.  Mitchell held for about two years under the renewed lease, and Torrey died in possession of the leased premises.  Thereafter Torrey's administrator and the Young heirs and the administrator of Young consented to an order of probate court cancelling the Torrey lease, which still had some time to run.  After this agreed cancellation of the Torrey lease the hotel was leased to Roger Young, the appellee, who had knowledge of Mitchell's occupancy of the barber shop and of his lease thereof under Torrey.  Mitchell was not a party to the surrender to the Torrey lease, and was not notified of the proceeding in the probate court, and has not consented thereto.

Where there is no covenant against subletting, a lessee has a right to sublease all or any part of the leased premises; and when he does so, he can not, by a surrender of the leased premises. to the lessor, defeat the rights of his undertenant.  The interests of the undertenant will continue as if there had been no surrender; the owner of the property becoming the direct landlord

of the undertenant. The lessee could only surrender what belonged to him and, having sublet part of the property, it is not his to surrender.   The owner takes back the premises subject to the existing rights growing out of the original lease.   These principles are found stated and applied in the following authorities:   *Krider* v. *Ramsey,* 79 N. C. 354; *Bailey* v. *Richardson,* 66 Cal. 416; *Adams* v. *Goddard,* 48 Me. 212; *Eten* v. *Luyster,* 60 N. Y. 252; Jones on Landlord and Tenant, § 429.

It is urged that the bill of exceptions does not affirmatively show that it contains all of the evidence, but it does show inferentially and by natural implication from the language used that it contains all the evidence, and this is sufficient.   *Leggett* v. *Grimmett,* 36 Ark. 496; *Overman* v *State,* 49 Ark. 364.

It is said appellant did not except to overruling the motion for new trial, but that objection is removed by correction of the record by *nunc pro tunc* entry.   It is sufficient if the record shows the exception.   *Carpenter* v. *Dressler,* 76 Ark. 400.

Reversed and remanded.