[Civil No. 1671.    Filed May 3, 1919.]

[180 Pac. 526.]

## C. B. MOORE, Appellant, v. R. W. BLACKSTONE, Appellee.

1. FORCIBLE ENTRY AND DETAINER—UNLAWFUL DETAINER—STATUTE.— Under Civil Code of 1913, paragraph 1525, the action of unlawful detainer lies only when the premises are demised or let to defendant, or some other person under whom he claims.

2. FORCIBLE ENTRY AND DETAINER—NATURE OF UNLAWFUL DETAINER— POSSESSION.—The action of unlawful detainer being possessory in its character, lies only against a party in actual possession of the premises, and not against one not in such possession when suit is instituted.

3. FORCIBLE ENTRY AND DETAINER—POSSESSION AS TENANT—SUFFICIENCY OF EVIDENCE.—In an action of unlawful detainer, evidence *held* sufficient to show that defendant was in actual possession of the premises at the time of commencement of the suit as tenant of plaintiff.

4. APPEAL AND ERROR—REVIEW—EVIDENCE.—It is not the province of the supreme court to weigh the probative force and effect of the evidence, and the only matter open for review is the question whether or not there is substantial evidence to support the verdict and judgment.

5. EVIDENCE—ADMISSION BY COUNSEL—OPENING STATEMENT.—In an action of unlawful detainer, in determining whether defendant was in possession of the premises as the tenant of plaintiff, at the time of commencement of suit, the jury had the right to consider a statement of defendant's counsel in opening that they proposed to show that defendant was on the place with rent paid up to a time in advance of that when suit was filed.

6. COSTS—FRIVOLOUS APPEAL—DAMAGES.—Where an appeal was taken merely for delay, and is without merit, and frivolous, damages will be awarded to appellee on affirmance.

APPEAL from a judgment of the Superior Court of the county of Maricopa. F. H. Lyman, Judge. Judgment affirmed.

Mr. J. J. Cox, Mr. A. Y. Moore and Mr. L. J. Cox, for Appellant.

Mr. Joe Porter and Mr. Hubert W. Clark, for Appellee.

BAKER, J.—This is an appeal from a judgment entered in a simple statutory action of unlawful detainer. The controversy involves the possession of the property described as S. ½ of the S. ½ of the N. E. ¼ of Sec. 12, T. 2 N., R. 1 E., G. and S. R. B. and M., Maricopa county. The jury before which the case was tried in the court below found the defendant guilty.

The question for consideration relates alone to the sufficiency of the evidence to support the verdict and judgment to the effect that defendant was in actual possession of the property as tenant of plaintiff at the time of the commencement of the suit. No other question is presented.

There can be no doubt of the proposition that the action of unlawful detainer lies under the provisions of our statute only when the premises are demised or let to the defendant or some person under whom he claims.

" . . . (3) If any person shall willfully and without force hold over any lands, tenements or other real property after the termination of the time for which such lands, tenements or other real property were let to him, or to the person under whom he claims, after demand made, in writing, for the possession thereof, by the person or persons entitled to such possession, such person shall be adjudged guilty of forcible entry and detainer, or of forcible detainer, as the case may be." Civil Code 1913, paragraph 1525.

As the action of unlawful detainer is possessory in its character, it lies only against the party in actual possession of the premises, and may not be maintained against one who is not in such possession at the time suit is instituted. 19 Cyc. 1142–1163; 11 R. C. L. 1171, § 31; 13 Am. & Eng. Ency. of Law and Procedure, 2d ed., p. 766.

It is conceded that plaintiff is the owner of the premises the right to the possession of which is in dispute. The plaintiff testified in effect that he entered into a verbal agreement with the defendant whereby he demised or let the premises in question to the defendant for a period of time commencing February 1, 1917, and ending January 1, 1918, at the monthly rental of forty dollars. The defendant paid the rent money regularly from February 1, 1917, to January 1, 1918. In October, 1917, plaintiff went to the premises and had some conversation with the defendant about sowing the land to barley. Defendant said that he had sowed some barley, but that he did

not know if he would sow any more. On December 1, 1917, plaintiff went upon the premises and gave defendant a written notice to vacate the premises at the expiration of his lease, which was January 1, 1918. Plaintiff further testified that he was not able to obtain possession of the premises.

The defendant's version of the transaction between plaintiff and himself concerning the premises is that one Eaton had a lease of the premises from the plaintiff for a period of two years; that Eaton had about ten cows upon the premises, and that he bought the cows from Eaton together with Eaton's rights to the premises under the lease; that he and Eaton went to the plaintiff and informed plaintiff of the trade between himself and Eaton, and that plaintiff said that he ought to have more rent, but, on defendant objecting to paying more rent than forty dollars a month, plaintiff consented and said that it was all right; that he did not want to break up the trade between Eaton and the defendant. The defendant admitted the payment of the rent money.

Concerning the notice to vacate, the defendant testified that plaintiff came to the premises one night whilst defendant was milking the cows and threw down a piece of paper and said, "You can read this at your leisure, Mr. Moore," and that he (defendant) "forgot all about it; didn't know what became of it."

All of this constitutes abundant evidence that the defendant was in actual possession of the premises at the time of the commencement of the suit (January 11, 1918) as the tenant of the plaintiff. It is not our province to weigh the probative force and effect of such evidence. That was the exclusive province of the trial jury. The only matter open for review here is the question as to whether or not there is substantial evidence to support the verdict and judgment.

Furthermore, counsel for the defendant, in his opening statement to the jury, said:

"We propose to show you that Mr. Moore [the defendant] was on this place with rent paid up to a time in advance of the time when the suit was filed, and of course he is entitled to stay."

Unquestionably the jury had the right to take this statement into consideration. Such admission of counsel obviated the necessity of fuller proof, if such was desirable, as to the

actual possession of the premises by the defendant at the time the suit was commenced.

"In the trial of a cause, the admissions of counsel are constantly received and acted upon. In fact, as bearing upon the issue involved, admissions of counsel may be the ground of the court's procedure equally as if established by the clearest proof." *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461.

It appears to us that the appeal was taken merely for delay, and that it is without merit and is frivolous. Under the circumstances, we think it just that the sum of one hundred dollars be, and the same is hereby, awarded to the plaintiff as damages for such frivolous appeal.

The judgment of the lower court is affirmed, with instructions to enter a judgment against the defendant and the National Surety Company (the surety on the *supersedeas* bond) for the amount of the rent accruing during the pendency of the appeal, and all damages, costs and rents adjudged against the defendant by the superior court.

CUNNINGHAM, C. J., and ROSS, J., concur.