## FOOD MACHINERY CORPORATION v. GUIGNARD et al.

### No. 37.

District Court, D. Oregon.
Dec. 5, 1938.

McCamant, Thompson King & Wood, of Portland, Or., for plaintiff.

Malarkey, Sabin & Herbring, Harold L. Cook, and Robt. L. Sabin, Jr., all of Portland, Or., for defendants.

JAMES ALGER FEE, District Judge.

On a complaint, which sets out a claim for a declaration of rights under a contract, an application was presented to shorten the time for answer of the respective defendants to ten days instead of twenty after the service of summons. Federal Rules of Civil Procedure, rule 12(a), 28 U. S.C.A. following section 723c. Circumstances which would be compelling to the court, if this action were discretionary, are set out in a supporting affidavit. Rule 12 (a) imperatively, however, directs that twenty days be granted a defendant "unless the court directs otherwise when service of process is made pursuant to Rule 4(e)". The pertinent part of the latter rule reads: "Whenever * * * an order of court provides for service of a summons * * * upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the * * * order." This rule applies only to service outside the state and in all probability rather envisages lengthening than lessening the time prescribed. See Notes to Rule 4(e); Remarks of Dean Charles E. Clark, Proceedings of the American Bar Association Institute on Federal Rules (Cleveland, 1938) p. 205. Since service of process on persons within the boundaries of this state is sought in the instant proceeding, the court has no power to cut short the time for answer.