186 P.2d 955

**BYRD et al. v. PETERSON et al.**

No. 4921.

Supreme Court of Arizona.

Nov. 12, 1947.

Fred W. Fickett, William S. Dunipace and Robert S. Tullar, all of Tucson, for appellants.

A. E. Butterfield and Gordon G. Aldrich, both of Tucson, for appellees.

DON T. UDALL, Superior Judge.

The appellees, as plaintiffs in the lower court, brought an action of forcible detainer against appellants, as defendants in the lower court, to recover from them a portion of the building located at 128 North Church Street, Tucson, Arizona, consisting of three offices. The case was tried by the court without a jury.

A brief summary of the evidence discloses that on January 8, 1945, a lease was entered into between the appellees, as less-ors, and A. E. Butterfield, as lessee, covering the aforesaid premises together with other property not herein concerned, for a period of one year; and thereafter on February 17, 1945, a second lease was entered into between these parties covering the same premises for a period of four years from and after January 9, 1946. Permission was granted Butterfield in both of the leases to sublet or assign the property. This he did on February 20, 1945, by subletting the three offices to the appellants under the firm name and style of Duquesne Mining Company for a period beginning March 1, 1945, and ending January 1, 1950. Among other recitals, the sublease contained the following provisions, to wit:

" * * * at the expiration or termination of this lease, or of the said two leases above described and referred to, whichever is the earlier in time, peaceable possession of said premises shall be given to the party of the first part * * * "

On or about November 9, 1945, the two leases between the appellees and Butterfield were terminated by mutual consent of the parties, but the appellants refused to terminate their sublease with Butterfield and deliver up possession of said premises.

As conclusions of law, the court found that the appellees are the owners in fee simple of said premises; that the voluntary termination of the two leases between the appellees and Butterfield, effective November 9, 1945, and the surrender thereof,

was binding upon the appellants as sublessees; that a partnership may not be sued by its firm name in Arizona and it is sufficient to sue the individuals composing the partnership; that direct relationship of landlord and tenant is not essential to support an action in forcible entry and detainer; that privity of contract between the parties is unnecessary in an action of this character, the right to possession being the only issue; that the appellants were guilty of forcible detainer. Judgment was duly entered against the appellants from which they prosecute this appeal.

In view of the ruling that is to be made in this case, it is only necessary to consider three of the many assignments of error, and they are treated in the following order: (1) In a forcible detainer action, does the Clerk of the Superior Court have authority to issue a summons requiring a defendant to appear and answer in less than twenty days from the time of service of the summons and complaint? (2) Where possession to property was originally obtained in a partnership name, should the partnership be included as a party defendant along with the persons composing the partnership, who are actually possessing it, in a forcible detainer action? And (3) will the surrender of the lease by a lessee to his lessors after a sublease be permitted to operate so as to defeat the estate of the sublessee?

With respect to the first question, it will be noted in the record that appellants were served with summons and complaint pursuant to the provisions of Section 27-1205, A.C.A.1939, and the clerk granted them six days to appear and answer the complaint. Within that time, the appellants appeared and moved the court "* * * that said action be dismissed and that the summons heretofore issued herein be quashed for the reason and on the grounds that there was no authority of law for this court or the clerk thereof to issue any summons which require the defendants to appear and plead in any action in less than twenty (20) days from the service upon them of the summons and complaint."

Appellants in support of the first assignment of error referred to above have directed our attention to Rule 1, Rules Civ. Proc., being Section 21-201, A.C.A.1939, which reads as follows:

"*Scope of rules.—These rules govern the procedure in the superior courts of Arizona in all suits of a civil nature whether cognizable as cases at law or in equity. They shall be construed to secure the just, speedy, and inexpensive determination of every action.*" (Emphasis supplied.)

We are then referred to Rule 12 (a), Section 21-428, A.C.A.1939, which provides that "A defendant shall serve his answer within twenty [20] days after the service of the summons and complaint upon him, * * *." Appellants contend that Section 21-428 supersedes the conflicting portions of the older section of 27-1205 which requires an answer in such a case in

no more than six days. Our attention is directed to the case of Food Machinery Corporation v. Guignard, D.C., 26 F.Supp. 1002, wherein the court in referring to Rule 12(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (our Section 21-428), concluded that the rule imperatively directed that twenty days be granted the defendant to plead. This case is not in point for the reason that it is not a case of forcible entry and detainer. We pointed out in Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394, which action was brought and determined after the adoption of the new rules, that the procedural provision in an action of forcible entry and detainer is to provide a speedy and adequate remedy for obtaining immediate possession of premises. We took cognizance of the existence of Sections 27-1205 and 27-1207, A.C.A.1939, and treated them as if effective. It is true that the point here raised was not called to our attention in that case. In the later case of Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749, 753, we pointed out that procedural provisions of the forcible detainer statutes are an integral part of the right itself and not solely procedural and hence are not superseded by the new Rules of Civil Procedure relating to the timely presentation and prosecution of counterclaim and cross complaints. In the Hinton case the defendants attempted to prosecute a cross complaint. Their cross complaint was dismissed upon motion, and they were found guilty of forcible entry and detainer. In referring to appellants' position in the Hinton case we said:

"If appellants' position is correct, the Rules of Civil Procedure must be construed as having repealed a portion of a statutory remedy for forcible entry and detainer existing only by virtue of the statute setting up such right and remedy. The Act (Ch. 8, sec. 1, Laws 1939) authorizing the Supreme Court to promulgate rules regulating pleading, practice, and procedure contained the following limitation: 'Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. * * *.' Section 19-202, A.C.A.1939. If appellants' construction is tenable, then the forcible detainer statute must itself be regarded as having been amended, since the interposition of a counter-claim or cross complaint in a forcible detainer action and a trial of such a cross complaint, of the nature herein interposed, with the trial of the issues made by the forcible detainer pleadings is impossible without a change in the statutes affording the forcible detainer remedy. It would mean that the statutes establishing the remedy of forcible entry and detainer must be deemed amended in the following particulars."

At that time we took cognizance of the form of summons in forcible entry and detainer cases, the time when returnable, and the date when the trial shall be had. We think that our position established in the Olds Bros. Lumber Co. case and the Hin-

ton case is not only tenable but correct. We conclude that the adoption of the new Rules of Civil Procedure, and particularly Sections 21-201 and 21-428, did not have the effect of superseding the old rules referring to this specific type of action and none of which are applicable to the ordinary procedural provisions of a general suit at law or in equity.

[2, 3] As to the second issue before us, the general rule on this subject is well stated in 22 Am.Jur., Forcible Entry and Detainer, Section 38:

" * * * The best test by which to determine who should be parties defendant, therefore, is to inquire who were guilty, either in person or by agents, of the acts amounting to the forcible entry, and who remain in possession, so that a judgment in favor of the plaintiff may not be sufficient to afford him complete relief unless they are removed from the premises. It has previously been pointed out that the capacity in which an entry was made or possession held is immaterial in so far as the liability of the possessor is concerned, whether he is an agent, lessor, lessee, owner, or corporation. * * * "

"As the action of unlawful detainer is possessory in its character, it lies only against the party in actual possession of the premises, and may not be maintained against one who is not in such possession at the time suit is instituted." Moore v. Blackstone, 20 Ariz. 328, 180 P. 526, 527.

▇ In the light of the above authority, this court holds that even though entry was made and possession held in the partnership name, it is immaterial so far as the liability of the actual possessors is concerned, and therefore in a forcible detainer action it is not necessary to include the partnership as a party defendant when it appears that all parties actually in possession are properly joined.

The lower court in determining the last question concluded as a matter of law that the voluntary termination of the two leases between the appellees and Butterfield, and the surrender thereof, was a termination which is binding upon the appellants.

▇ With this conclusion we are not in accord as the law is well settled that when a lessee sublets or assigns his interest in leased property, his estate and leasehold interest are extinguished to that extent. Under this theory, Butterfield's act in terminating the two leases was a nullity and not binding on the sublessees. 32 Am.Jur., Landlord and Tenant, Sec. 425; Mitchell v. Young, 80 Ark. 441, 97 S.W. 454, 7 L.R. A.,N.S., 221, 117 Am.St.Rep. 89, 10 Ann. Cas. 423; 35 C.J., § 287, page 1096; 51 C.J.S., Landlord and Tenant, § 129; and Buttner v. Kasser, 19 Cal.App. 755, 127 P. 811, 813.

It seems to be universally held by the courts that the rights of subtenant will not be destroyed or impaired by a surrender of the main lease. It would be unconscionable

where the express terms of a sublease have not been violated to allow the landlord and lessee to terminate the original lease by their mutual consent over the protest of the subtenant. Commenting on this point and suggesting a method whereby the landlord could protect himself in such matters, the court said, in the case of Buttner v. Kasser, supra, that:

"The case of McDonald v. May, 96 Mo. App. 236, 69 S.W. 1059, cited by respondent, does hold that the surrenderee may not sue the subtenant on the sublease, except where there has been an attornment, but falls far short of holding that an action will lie for reasonable value of use and occupation. On the contrary, it distinctly recognizes the rule that the rights of subtenants 'will not be destroyed or impaired by a surrender of the main lease.' The court intimates that the rule is a hard one as to landlords, deplored by judges and commentators because it sometimes operates to cut them out of their rent, while permitting a subtenant to retain the premises. In this regard it might be suggested that the original lessor may always protect himself against such a hardship by refusing to consent to a cancellation of the lease, unless accompanied by a surrender of the actual possession of the entire premises, or he may take an assignment of the rentals under the sublease."

In the case at bar, the whole lease must be read together and the intent of the parties gathered therefrom; no harsh or strict construction should be given thereto when, by a fair and reasonable one, exact justice can be done between the parties, and it is fair to presume that when the sublease was entered into, no right was reserved to the sublessor authorizing him to terminate the original lease for and on behalf of sublessees.

█ As to when a lease terminates, the law is well defined in 32 Am.Jur., Landlord and Tenant, Sec. 824, which reads:

"A lease terminates (1) with the efflux of time constituting the term; (2) on the happening of a condition subsequent and re-entry or conditional limitation; (3) by operation of law, as in the case of the merger of the tenancy in the reversion in the same person; or (4) by cancellation by act and with consent of the lessor and lessee or by a rescission by the lessee in the proper case."

The lessee lost his right to cancellation or rescission of the lease when he sublet the property and nothing has transpired with respect to the original leases or the sublease since that time that would justify the termination of said leases.

█ As there appears to be nothing in the recitals hereinabove set forth and contained in the sublease that gave Butterfield the right to voluntarily surrender or terminate either of the leases in question during the term of the estate subleased to the appellants, and the appellants not having consented to the voluntary surrender or ter-

mination of the leases by Butterfield, the law which finally settles the question now under discussion is aptly stated in a recent decision of this court in the case of Butterfield v. Duquesne Mining Company, 66 Ariz. 29, 182 P.2d 102, 104, from which we quote:

"The surrender of a lease by a lessee to his lessor, after a sublease, will not be permitted to operate so as to defeat the estate of the sublease. * * *" 32 Am.Jur., Landlord & Tenant, Sec. 425.

In this same case we also approved the following statement from Mitchell v. Young, supra [80 Ark. 441, 97 S.W. 454]:

" * * * he (sublessor) cannot by a surrender of the leased premises to the lessor defeat the rights of his undertenant. The interests of the undertenant will continue as if there had been no surrender, the owner of the property becoming the direct landlord of the undertenant. The lessee could only surrender what belonged to him, and, having sublet part of the property, it is not his to surrender."

We think, on the law applicable in this case, the judgment should have gone for appellants. It is therefore ordered that the judgment be reversed and the cause remanded with directions that judgment be entered for the appellants.

LA PRADE and UDALL, JJ., concur.

STANFORD, C. J., having disqualified himself, Honorable DON T. UDALL, Judge of the Superior Court of Navajo County, was called to sit in his stead.