517 P.2d 1086

The STATE of Arizona, Petitioner,

v.

The Honorable Norman S. **FENTON**, Division X, Superior Court, Pima County, Respondent;

and

Jesus M. **VALENZUELA** and Armida Steele, Real Parties in Interest.

No. 2 CA–CIV 1560.

Court of Appeals of Arizona, Division 2.

Jan. 14, 1974.

Dennis DeConcini, Pima County Atty., by James W. Cochran, Deputy County Atty., Tucson, for petitioner.

Albert R. Gamble, Tucson, for real parties in interest.

## OPINION

KRUCKER, Judge.

This special action arises out of a pending criminal prosecution in Pima County Superior Court. The State claims that the respondent court exceeded its jurisdiction in refusing to impose certain sanctions authorized by the new Rules of Criminal Procedure for failure to comply with the rules and by allowing defense counsel additional time to achieve compliance. Although we find no merit in petitioner's attack on the subject ruling, in view of the newness of the Rules we deem it appropriate to assume jurisdiction.

The real parties in interest, hereinafter referred to as defendants, were arraigned on November 13, 1973, and the respondent court set the following dates:

1. Disclosure by State due November 23, 1973.

2. Disclosure by the defendants due December 3, 1973.

3. Pre-hearing conference no later than December 5, 1973.

4. Omnibus Hearing December 11, 1973.

5. Trial date December 20, 1973.

The State timely filed its disclosure as required by the court, but the defense did not. On December 9, 1973, the parties agreed to have a pre-hearing conference at 4:00 p. m. and at 4:20 p. m. defense counsel phoned the prosecutor and requested a stipulation to continue the omnibus hearing. The request was denied and the pre-hearing conference was never held.

On December 11, 1973, the parties appeared before the respondent court for the omnibus hearing. The State requested the court to preclude the defendants from calling witnesses, offering evidence or raising any defenses at trial due to their failure to provide any disclosure. Rule 15.7, Rules of Criminal Procedure, 17 A.R.S., provides:

"If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, including but not limited to:

a. Ordering disclosure of the information not previously disclosed.

b. Granting a continuance.

c. Holding a witness, party, or counsel in contempt.

d. Precluding a party from calling a witness, offering evidence, or raising a defense not disclosed. . . . "

Defense counsel explained to the court that there had been some confusion about whether he was going to continue representing both defendants and that his dereliction was attributable in part to this fact. The court denied the State's motion, set the omnibus hearing for December 17, 1973, and allowed the defendants until December 14, 1973 to file the required disclosure.[1]

Appropriate relief for violation of discovery rules is committed to the trial court's discretion. United States v. Saitta, 443 F.2d 830 (5th Cir. 1971); Hansen v. United States, 393 F.2d 763 (8th Cir. 1968). Just as a trial judge has broad latitude in the conduct of the trial, he should have the same latitude in supervision over pre-trial procedures. United States v. Cook, 432 F.2d 1093 (7th Cir. 1970). Respecting the application of sanctions under Federal Rule 16(g), the following is stated in 1 Wright Federal Practice and Procedure § 260:

"In exercising the broad discretion as to sanctions given by this provision, the court should take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by continuance, and any other relevant circumstances." (At p. 533)

See also, State v. Jones, 209 Kan. 526, 498 P.2d 65 (1972).

The American Bar Association Standards Relating to Discovery and Procedure Before Trial, approved draft 1970, points out:

" . .. . The committee's general view . . . was that the courts should seek to apply sanctions which affect the evidence at trial and the merits of the case as little as possible, since these standards are designed to implement, not to impede, fair and speedy determination of cases.

With few exceptions . . . the obligations imposed under these standards fall upon attorneys. Accordingly, it would seem appropriate to deal with breaches in the same way as infractions of bar discipline." (At p. 108)

1. An evidentiary hearing on the defendants' motion to suppress was postponed until December 19, 1973. (It was originally scheduled to be heard on December 11, 1973).

The respondent court apparently concluded that the circumstances did not warrant imposition of the severe sanctions requested by the State. Also, any prejudice to the State could be rectified by a continuance. We are unable to say that the court abused its discretion in denying the State's motion.

Petition denied.

HATHAWAY, C. J., and HOWARD, J., concur.