533 P.2d 1191

The STATE of Arizona, Petitioner,

v.

Ben C. BIRDSALL, Judge of the Superior Court, Pima County, Arizona, Respondent;

and

Gary Robert DAWKINS, Real Party in Interest.

No. 2 CA–CIV 1854.

Court of Appeals of Arizona, Division 2.

April 16, 1975.

Rehearing Denied May 20, 1975.

Review Denied June 24, 1975.

Dennis DeConcini, Pima County Atty. by Michael P. Callahan and William R. Stevens, Jr., Deputy County Attys., Tucson, for petitioner.

John M. Neis, Pima County Public Defender by Lindsay Brew, Asst. Public Defender, Tucson, for real party in interest.

OPINION

PER CURIAM.

This proceeding was instituted by the state to challenge an order of the respondent judge prohibiting the state from calling two individuals as witnesses in a pending criminal trial. One of these witnesses was the victim of the charged offenses and the other an identification witness. Since we are of the opinion that appellate intervention is warranted, we assume jurisdiction.

The real party in interest, defendant below, was indicted for burglary and grand theft, or alternatively, receiving stolen property, and plead not guilty to the charges. The state was directed to comply with Rule 15.1, Rules of Criminal Procedure, 17 A.R.S., by January 3, 1975. The state, on January 3, made available all reports and statements made by persons involved in the investigation concerning the charges. The reports and statements contained the name of Kathy E. Hahn, her address and telephone number, and certain facts indicating that she was the "victim." The reports also contained the name of Louise English, her address and telephone number, and that she had seen Mr. Dawkins loading the stolen property into the car he had been driving. The transcript of the proceedings before the grand jury also indicated these facts about the two women and defense counsel was furnished a copy of the transcript.

The Rule 15 disclosure statement furnished by the state contained the names and addresses of the state's witnesses and the names of Kathy Hahn and Louise English were not included. Trial was set for March 13, 1975, and prior to selection of the jury on that date, defense counsel moved for an order prohibiting the state from calling either Kathy Hahn or Louise English as witnesses. The sole basis for the motion for preclusion was the fact that the names of the two women were not listed as witnesses. Counsel for the state pointed out to the court that the testimony of these two witnesses would consist of statements which already appeared in police officer reports furnished to defense counsel. In other words, his position was their testimony would not be other than what defense counsel had received information about. Defense counsel did not point out in any way how the fact that these witnesses' names were not listed prejudiced his case. The prosecutor expressed his willingness to agree to a continuance if defense counsel felt he needed more time. He also pointed out to the court that both witnesses were key witness-

es. Defense counsel, however, insisted that preclusion of the witnesses' testimony was the only appropriate sanction. The respondent court agreed and granted the motion for preclusion.

The state then asked the court to reconsider. The court allowed testimony concerning the form used by the office of the Pima County Attorney which included a list of witnesses. The testimony was to the effect that such form was not required by the Rules of Criminal Procedure and that the practice in other counties was simply to make available police reports. The testimony revealed an absence of bad faith or willfulness on the part of the prosecution and there was no showing to the contrary. The court declined to alter its previous ruling.

Rule 15.1(a)(1) requires the prosecutor to make available to the defendant "the names and addresses of all persons whom the prosecutor will call as witnesses in the case-in-chief together with their relevant written or recorded statements." The respondent court construed the rule to mean "a list" of the names and addresses.[1]

Rule 15.7 provides:

"If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, including, but not limited to:

a. Ordering disclosure of the information not previously disclosed.

b. Granting a continuance.

c. Holding a witness, party, or counsel in contempt.

d. Precluding a party from calling a witness, offering evidence, or raising a defense not disclosed; and

e. Declaring a mistrial when necessary to prevent a miscarriage of justice."

In State v. Fenton, 21 Ariz.App. 193, 517 P.2d 1086 (1974), we had occasion to review the trial court's refusal to invoke the "preclusion" sanction of this rule against a defendant. Although we recognized that a trial judge should have broad latitude in supervision over pretrial procedures, we indicated that in exercising this broad discretion as to sanctions, the court should take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by continuance, and any other relevant circumstances. We also quoted as follows from the American Bar Association Standards Relating to Discovery and Procedure Before Trial, approved draft 1970 (commentary):

" ' . . . The committee's general view . . . was that the court should seek to apply sanctions which affect the evidence at trial and the merits of the case as little as possible, since these standards are designed to implement, not to impede, fair and speedy determination of cases.' (At p. 108)" 517 P.2d at 1087.

We are of the opinion that the respondent court abused its discretion as the circumstances did not warrant imposition of the sanction requested by defense counsel. First of all, Rule 15.1 does not require, by its terms, that a list be furnished.[2] Even if a "list" was intended by the rule, there was no showing of any prejudice by reason of noninclusion of the witnesses' names on the list furnished by the state, nor any request for a continuance. In view of the fact that the testimony of these two witnesses was vital to the states case and the failure to include their names on the list furnished to defense counsel was not

1. Subsections 4, 5 and 6 of Rule 15.1(a) referred to furnishing of "a list."

2. Its predecessor counterpart, Rule 153, Rules of Criminal Procedure, required that the names of all witnesses the prosecution proposed to call be endorsed on the indictment or information.

shown to be in bad faith, the "preclusion sanction" was too severe.

The order of the respondent court precluding the state from allowing the two witnesses to testify is hereby vacated.