537 P.2d 40

The STATE of Arizona, Appellee,

v.

Jon Leon SCOTT, Appellant.

No. 2 CA–CR 549.

Court of Appeals of Arizona,
Division 2.

June 30, 1975.

Rehearing Denied Aug. 7, 1975.

Review Denied Oct. 7, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Anne-Marie Brady, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

This is an appeal by defendant, Jon Leon Scott, from his conviction of burglary and lewd and lascivious conduct. He first urges that it was error for the trial court not to grant a hearing pursuant to State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969) immediately after a witness identified him in court. He next contends that the trial court abused its discretion in precluding the testimony of two defense witnesses who were not disclosed to the prosecutor before trial. Finally, defendant contends that the trial court erred in failing to declare a mistrial due to improper closing argument by the prosecutor.

In the early morning hours of March 30, 1974, defendant approached the home of Ora Hobbs, a neighbor of the victim, and asked for the victim's mother. Mrs. Hobbs declined to give any information. Defendant then went to the victim's home. Through her window Mrs. Hobbs saw him pound on the door, yell at the window, and lie down in the yard. About an hour later he resumed pounding on the door and then climbed over the victim's back fence.

Early the same morning, the victim, an 11-year-old girl, awoke in the dark and found herself on the floor. A man picked her up and put her on the bed. He then put her head in his lap until her lips touched his penis. She pulled away and he then performed cunnilingus and sodomy on her.

After the man left, the victim and her brothers summoned the police. Defendant was later taken into custody. Mrs. Hobbs was brought to the scene of the arrest and identified him.

At trial the State sought to introduce Mrs. Hobbs' testimony that the person she identified at the scene of the arrest was the person she had seen earlier outside the victim's home. The prosecutor stated to defense counsel and the trial judge that Mrs. Hobbs told him she could not identify defendant and that Mrs. Hobbs would therefore make no in-court identification. Defense counsel argued, "extrapolating" from Dessureault, that the prior show-up had been unduly suggestive and that no testimony about it should be admitted. The trial court rejected this contention and allowed Mrs. Hobbs to testify.

To everyone's surprise, Mrs. Hobbs stated on the stand that she could now identify in court the man she saw outside the victim's home. A hurried bench conference was held and the trial court again permitted the prosecution to proceed. Defendant now contends that the trial court's failure to conduct a Dessureault hearing as soon

as Mrs. Hobbs indicated she could identify defendant was reversible error. We think it was not. Defendant admitted on the stand that he did the acts on which the charges were based. The trial court's failure to order a hearing to examine the circumstances of the identification at the scene of defendant's arrest was therefore harmless error beyond a reasonable doubt. *See*, State v. Dessureault, *supra.*

Defendant next contends that the trial court abused its discretion in precluding the testimony of two defense witnesses not disclosed to the prosecutor pursuant to Rule 15.2(c)(1), Rules of Criminal Procedure, 17 A.R.S. Rule 15.7 provides:

"If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any provisions of this rule or any order issued pursuant thereto, the court may impose any sanction which it finds just under the circumstances, including, but not limited to:

\*   \*   \*   \*   \*   \*

d. Precluding a party from calling a witness, offering evidence, or raising a defense not disclosed . . .."

Appropriate relief for violation of Rule 15 is committed to the trial court's discretion. State v. Fenton, 21 Ariz.App. 193, 517 P.2d 1086 (1974). In exercising this discretion, the trial court should consider the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by continuances, and any other relevant circumstances. State v. Birdsall, 23 Ariz.App. 454, 533 P.2d 1191 (1975); State v. Fenton, supra.

In this case the two witnesses would have testified that on the night of the crime defendant consumed large amounts of alcohol and that he fell off his motorcycle and injured himself. They would further have testified that when defendant was drunk he exhibited none of the traditional symptoms of drunkenness. Because several witnesses for the State testified that defendant did not appear drunk on the night of the crime, defendant contends that the precluded testimony was necessary to show he was too drunk to form the requisite specific intent.

We agree that defendant had a genuine need for the precluded testimony. We also believe that defense counsel alone is to blame for its loss. In arguing against preclusion, defense counsel noted that he had come into the case at a late date and never realized the two witnesses had not been disclosed. Because defendant is bound by the actions and omissions of his previous counsel as well as those of his present counsel, we think this is not a valid excuse. Defense counsel further contended that the testimony of the precluded witnesses did not become material until certain doctors' reports came to light. The trial court rejected this contention and we reject it also.

As the trial court noted, defendant listed intoxication as a defense in his Rule 15.-2(b) disclosure on May 21, 1974. Because the precluded witnesses were with defendant during most of the day and evening preceding the crime, the materiality of their testimony on the intoxication issue should have been obvious to defense counsel from the start. Despite this, defense counsel failed to disclose the witnesses' existence to the prosecution. As a result, the prosecutor had no notice that they would be called and no opportunity to investigate them. From the circumstances the trial court could draw a justifiable inference of lack of good faith on the part of defense counsel. For this reason, State v. Birdsall, supra, does not control.

We are aware that the court could have continued the trial to allow the prosecutor additional time. In view of the heavy court congestion at the time, however, we believe it was well within the trial court's discretion to refuse to do so. We conclude from the record as a whole that the trial court did not abuse its discretion under Rule 15.7.

Defendant finally contends that the prosecutor's improper closing argument resulted in a verdict caused by passion and prejudice and that the trial court therefore erred in not declaring a mistrial. During the course of his closing argument, the prosecutor intimated that defense counsel reserved opening argument so he could hold back any mention of an intoxication defense and thereby leave open the option of arguing that the State had not linked defendant with the commission of the acts in question. The prosecutor also argued that there might be another little girl in town who would not be safe if defendant were acquitted. He further told the jury that objections to certain questions of defense counsel were sustained because defendant's sanity was not in issue. The prosecutor finally stated that defendant saw four psychiatrists, not just the two who testified. In each instance the trial court sustained defense counsel's objections, noting that the argument was improper. After the prosecutor completed his closing argument, the trial court instructed the jury to ignore the prosecutor's statement about the existence of the four psychiatrists. Subsequently, in its charge to the jury, the trial court instructed the jury that if any comments of counsel had no basis in the evidence, they were to ignore them.

In a criminal prosecution, counsel for both sides have considerable latitude in arguments to the jury. The granting or denial of a mistrial based on improper argument is usually within the sound discretion of the trial court. State v. Trotter, 110 Ariz. 61, 514 P.2d 1249 (1973). We will not usually review the exercise of the trial court's discretion in such cases unless there is "invective so palpably improper that it is clearly injurious." State v. Adams, 1 Ariz.App. 153, 155, 400 P.2d 360, 362 (1965).

Our Supreme Court stated in State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970):

"The best rule for determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case is, Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by those remarks." 105 Ariz. at 437, 466 P.2d at 391.

It is unquestionable that in this case the prosecutor's remarks tended to put before the jury matters they should not consider. The question remains, however, whether under the circumstances of this case the jury was probably influenced by the remarks. We think not. First, although the prosecutor's remarks were ill-advised, they did not amount to "invective so palpably improper that it is clearly injurious." State v. Adams, supra. Second, we note the care the trial court took to sustain defense counsel's objections, to indicate his disapproval of the prosecutor's remarks, and to give appropriate cautionary instructions. In many cases handed down by our Supreme Court, the sustaining of objections and the giving of cautionary instructions have been accorded significant weight in determining whether a prosecutor's improper remarks probably influenced the jury. See, State v. Puffer, 110 Ariz. 180, 516 P.2d 316 (1973); State v. King, 110 Ariz. 36, 514 P.2d 1032 (1973); State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972); State v. Williams, 107 Ariz. 262, 485 P.2d 832 (1971). Our review of the transcript leads us to conclude that the trial court's timely corrective measures were sufficient to prevent the prosecutor's remarks from influencing the jury. The trial court did not abuse its discretion by refusing to declare a mistrial.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.