652 P.2d 1043

**STATE of Arizona, Appellee,**

v.

**David Samuel GOLDSTON, Appellant.**

**No. 5507.**

Supreme Court of Arizona,
In Banc.

Sept. 30, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Wildermuth & Wildermuth by John R. Wildermuth, David M. Roer, Coolidge, for appellant.

CAMERON, Justice.

Defendant, David Samuel Goldston, was convicted of dangerous and deadly assault by an inmate in custody, A.R.S. § 13–1206, and possession of a deadly weapon by an inmate in custody, A.R.S. §§ 31–232(A) and 13–701. He was sentenced to life imprisonment without possibility of parole for 25 years, to be served consecutively to the sentence he was serving at the time of the offense, and 4 years for possession of the deadly weapon, also to run consecutively to the sentence being served. From these convictions he appeals to this court. We have jurisdiction under A.R.S. §§ 13–4031 and 13–4035.

The issues we must answer on appeal are:

1.  Did the trial court err in denying the defendant's motion for a mistrial after a juror was dismissed for cause following the prosecutor's opening statement?

2.  Did the prosecutor improperly refer to the condition of the victim's shirt in his rebuttal argument, contrary to procedure and stipulation?

## JUROR BIAS AND MISTRIAL

Following challenges and peremptory strikes by both sides, thirteen jurors were selected and sworn. After the prosecution's opening statement and a recess for lunch, one juror told the trial judge in chambers that, upon reflection, he felt he was prejudiced and desired to be disqualified from further service. The judge advised the parties of this discussion, and of his intent to excuse the juror. Defendant's attorney agreed to the juror's removal but later moved for a mistrial. The court denied the motion.

The defendant contends on appeal that the trial court committed reversible error when it denied his motion for a mistrial after the juror was dismissed for cause. Defendant claims that had the juror admitted his bias on voir dire, counsel would have employed the peremptory strikes in a different fashion. In other words, the juror's silence impaired the exercise of counsel's peremptory strikes, denial of which requires reversal of defendant's conviction under *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). We do not agree.

■ Curtailment of the exercise of peremptory challenges may be a cause for reversal. *United States v. Allsup,* 566 F.2d 68 (9th Cir.1977); *United States v. Turner,* 558 F.2d 535 (9th Cir.1977); *Hines v. Enomoto,* 658 F.2d 667 (9th Cir.1981). We do not find in the instant case, however, that defendant was curtailed in the exercise of his peremptory challenges. The defense was able to, and did, use all of its peremptory challenges. The fact that one more juror was later excused did not affect the exercise of his peremptory challenges.

■ But defendant contends that the jury composition would have been altered by a different exercise of the peremptory strikes. That may be. Defendant, however, is not entitled to be tried by any particular jury. *State v. Hilliard,* 89 Ariz. 129, 359 P.2d 66 (1961). He is only entitled to a fair and impartial jury. In the instant case, the defendant has not shown or even alleged that the twelve final jurors were not fair and impartial. We find no error.

## PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT

■ During the introduction of the assault victim's clothing into evidence, the prosecutor and defense counsel entered into a stipulation. The stipulation pointed out that the clothing, and particularly the shirt, had been perforated in the DPS crime laboratory. The parties stipulated as follows:

"MR. COOK: Your Honor, we have just entered into a stipulation. There are some markings on the clothing that are perhaps—some holes in the clothing that were not—they were not in the clothing when they were turned into the DPS Crime Lab, but were done in fact by the crime lab themselves, and they can be identified by basically circles around an area, and then if there is a hole in that area, that would have been a hole from the DPS Crime Lab.

\*      \*      \*      \*      \*      \*

\* \* \* and our stipulation is, our agreement basically is a stipulation, and it is an agreement between the two attorneys, is that these holes are not necessarily to be considered as anything that happened in connection with the incident, that they could have been there before or after or whatever, but the jury is basically not to worry about these.

Is that sufficient?

"MR. CALLAHAN: That is correct. We have no explanation at all as to what those are. We assume that they are not related to the offense."

In his initial closing argument, the prosecutor made no reference to the victim's clothing. Defense counsel did not mention the shirt in his closing, but on rebuttal the prosecutor did discuss the holes in the shirt:

"MR. COOK: \* \* \* Just because somebody says it, you don't have to believe it. You can match up the holes in this the same way.

"MR. CALLAHAN: Excuse me, Your Honor, I believe we stipulated that these holes have been tampered with by the Crime Lab. We weren't really sure what value the size of the holes would have in this case.

"MR. COOK: Your Honor, I believe that goes to the weight the jury wants to give it.

"THE COURT: I don't really recall what the exact stipulation was. Maybe the twelve of you will remember the stipulation."

The prosecutor then discussed the stipulation further:

"MR. COOK: * * * Even if you—whatever the stipulation was on the holes, the DPS may have examined them, that they made other holes, there is no doubt about that. When you start looking at some of them, there is a piece missing over here, there appears to be obviously a cut out circled section, whatever, and there is just a piece missing here, and there is a place that no stab wound was described, so you can consider the marks on it."

Defendant argues that the trial judge abused his discretion by allowing the prosecutor to comment about the holes in the victim's clothing in a manner inconsistent with the prior stipulation. We do not agree. To begin with, it is questionable whether the prosecutor's closing arguments were inconsistent with the stipulation. Even if they were, there is no showing that the remarks prejudiced the jury. We have stated:

"The best rule for determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case is, Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by these remarks." *Sullivan v. State,* 47 Ariz. 224, 238, 55 P.2d 312, 317 (1936).

The prosecutor made it clear after the defense objection that some of the holes were made by the DPS crime lab. We have examined the shirt in evidence and it is apparent which holes were made by the DPS crime lab and which holes could have been made by the shank. We do not believe the jury was "probably influenced" by the remarks. *Sullivan,* supra. We find no error.

 Defendant further contends that since his counsel did not discuss the meaning of the holes in the shirt in the closing argument, the prosecutor prejudicially exceeded the permissible scope of rebuttal argument. Again we do not agree. Whether the remarks were proper rebuttal or not, *State v. Randall,* 8 Ariz.App. 72, 443 P.2d 434 (1968); *State v. Adams,* 1 Ariz.App. 153, 400 P.2d 360 (1965), there is no indication that the jury was confused or misled by the prosecutor's statements. We find no prejudice and no error.

We have reviewed the record pursuant to A.R.S. § 13–4035; *State v. Powell,* 5 Ariz. App. 51, 423 P.2d 127 (1967), and find no reversible error.

The judgment of the trial court is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.