THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WADE CALLICOTT, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. CONSTITUTIONAL LAW—*laws applying equally to members of same class are not discriminatory.* While the placing of a special burden upon any individual different from the burden placed upon other individuals in a like situation constitutes a special privilege or immunity, laws will not be regarded as special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike.

2. SAME—*what is a proper classification.* Classification of the objects of legislation is not required to be specific, logical or consistent, but a classification is proper if it is reasonably adapted to secure the purpose for which it is intended and is not arbitrary.

3. SAME—*legislative classification cannot be disturbed unless arbitrary and unreasonable.* The legislature has authority to determine upon what differences a distinction may be made for the purpose of statutory classification, and unless this authority is arbitrarily exercised and the classification has no reasonable basis it cannot be disturbed by the courts.

4. CRIMINAL LAW—*section 5 of State Farm act is not invalid as special legislation.* Section 5 of the Illinois State Farm act, providing that prisoners who escape from the State farm shall be guilty of a felony and imprisoned in the penitentiary, is not invalid as being discriminatory and making an unjust classification, as the State farm is distinct from other penal institutions and its prisoners may be classed separately from prisoners at other institutions in a statute designed to prevent escape.

5. SAME—*general rule as to when punishment is not proportioned to nature of offense.* Where the legislature has authorized a designated punishment for a specified crime it must be regarded as representing the general moral ideas of the people, and the courts will not hold the punishment so authorized as either cruel and unusual or not proportioned to the nature of the offense unless it is a cruel or degrading punishment not known to the common law, or a degrading punishment obsolete in the State prior to the adoption of the constitution, or is so wholly disproportioned to the offense as to shock the moral sense of the community.

6. SAME—*penalty for escaping from the State farm is not disproportionate.* The provision of section 5 of the Illinois State

Farm act that prisoners escaping from the farm may be imprisoned in the penitentiary from one to five years does not fix a cruel or degrading punishment not known to the common law or which has become obsolete, and the penalty is not so wholly disproportioned to the offense as to shock the moral sense of the community.

7. SAME—*when exception must be negatived in an indictment.* Where a statute defining an offense contains an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the elements of the offense cannot be accurately and clearly described if the exception is omitted, the exception must be negatived in an indictment.

8. SAME—*when exception need not be negatived in an indictment.* Where an exception in a statute defining an offense is not in the same clause which creates the offense, there is no reference in the enacting clause to the exception, and the exception is in nowise descriptive of the offense but merely withdraws a case from the operation of the statute, the exception need not be negatived.

9. SAME—*county court has jurisdiction to sentence defendant pleading guilty at probate term.* Under section 119 of the statute extending the jurisdiction of county courts such a court has jurisdiction at a probate term to sentence a defendant who has pleaded guilty to violation of the act in regard to the carrying of concealed weapons.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

BROWN & BURNSIDE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILL P. WELKER, State's Attorney, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

The record in this case, which is before this court for review upon writ of error, shows that at the September, 1924, probate term of the county court of Gallatin county plaintiff in error waived a jury trial and entered his plea of guilty to an information charging him with the crime of carrying a deadly weapon concealed upon his person and was sentenced as a part of his punishment for one

year at the State farm at Vandalia. He was received there as a prisoner on September 9, 1924, and escaped therefrom about one month later. He was re-captured and at the August, 1925, term of the Fayette circuit court was tried, convicted and sentenced to an indeterminate term in the penitentiary upon an indictment charging him with a violation of section 5 of chapter 118, (Smith's Stat. 1925, p. 2096,) which provides: "Whoever being a prisoner at the Illinois State farm escaped therefrom is guilty of a felony and upon conviction shall be imprisoned in the penitentiary not less than one year nor more than ten years."

It is contended by plaintiff in error that this statute is in contravention of the constitution of the State in that it constitutes special legislation, and that it violates section 22 of article 4 of the constitution in granting to prisoners confined at another prison a special privilege and immunity. While the placing of any special burden upon any individual differing from the burden placed upon other individuals in a like situation constitutes a special privilege or immunity, laws will not be regarded as special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. (*People* v. *Sisk*, 297 Ill. 314.) Classification of the objects of legislation is not required to be scientific, logical or consistent if it is reasonably adapted to secure the purpose for which it is intended and is not purely arbitrary. The legislature has authority to determine upon what differences a distinction may be made for the purpose of statutory classification between objects otherwise having resemblance, though such power cannot be arbitrarily exercised and the distinction must have a reasonable basis. A legislative classification must be palpably arbitrary to authorize a judicial review of it, and it cannot be disturbed by the courts unless they can see clearly that there is no fair reason for the application of the law to the particular individuals while others of the same class are excluded.

(*Stewart* v. *Brady,* 300 Ill. 425.) That all prisoners are not considered as belonging to one class is evidenced by the fact that they are classified by law and by the courts. One class of prisoners is sentenced to county jails, another to hard labor in a house of correction, another to the penitentiary and still another to the State farm, and each class of prisoners is subject to different rules and regulations. They bear different burdens and have different immunities. The State farm was created for a particular purpose and for a particular class of offenders. While it is a penal institution it is the only one of its particular kind in the State. The persons committed to it are all placed on the same footing and no discrimination is made by this statute among its inmates. Differing from other penal institutions, no walls of brick or stone have been built to retain its inmates, and for that reason the legislature may have enacted this statute to take their place and to act as a deterrent for the prevention of escapes. The contention of plaintiff in error that this statute is class or special legislation is not tenable.

It is next contended that the statute is void because of section 11 of article 2 of the constitution, which requires that "all penalties shall be proportioned to the nature of the offense." Originally, at common law a breach of prison was a felony although with benefit of clergy. (21 Corpus Juris, 828.) When the legislature has authorized a designated punishment for a specified crime it must be regarded that its action represents the general moral ideas of the people, and the courts will not hold the punishment so authorized as either cruel and unusual or not proportioned to the nature of the offense unless it is a cruel or degrading punishment not known to the common law, or a degrading punishment which had become obsolete in the State prior to the adoption of its constitution, or is so wholly disproportioned to the offense as to shock the moral sense of the community. (*People* v. *State Reformatory,* 148 Ill. 413.) Plaintiff in error was under sentence of a year's

imprisonment. One of the objects of such a sentence is the reformation of the prisoner and the correction of his evil habits, and in such an institution more or less trust must be placed in the honor of the prisoner that he will not escape. He betrayed the confidence reposed in him and escaped, and as a result thereof he is sentenced to an indeterminate term in the penitentiary of not less than one nor more than ten years, the minimum of which is the same as the sentence which he was under at the time he escaped. The punishment provided by this statute is not a cruel or degrading punishment not known to the common law, or a degrading punishment which had become obsolete in the State, and is not so wholly disproportioned to the offense as to shock the moral sense of the community.

Section 4 of the Deadly Weapon act as it existed at the time of the commission of the offense alleged in the information defined the offense of carrying a deadly weapon concealed on or about the person without a permit to do so. Section 5 of the act exempted from the operation of the law certain classes of persons. It is contended by plaintiff in error that the information upon which he was convicted and sentenced to the State farm was defective in that it did not negative the exceptions contained in the fifth section. Where a statute defining an offense contains an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the elements of the offense cannot be accurately and clearly described if the exception is omitted, such exception must be negatived in an indictment or information. (*People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* id. 140.) Where, however, the exception is not in the same clause of the act which creates the offense, there is no reference in the enacting clause to the exception, the exception is in nowise descriptive of the offense and is one which merely withdraws a case from the operation of a statute, it need not be negatived. *People* v. *Butler,* 268 Ill. 635.

It is next contended that the county court of Gallatin county did not at a probate term have jurisdiction to try plaintiff in error and sentence him to the State farm. Section 119 of chapter 37 provides: "The court may receive the plea of guilty and pass judgment, or, if the accused will waive a jury and be tried by the court without a jury, the court may, upon notice being first given to the State's attorney, try the cause and pass judgment as well at a probate as a law term of said court." (Smith's Stat. 1925, p. 823.) Plaintiff in error waived a jury trial and plead guilty, and the court had jurisdiction to sentence him.

No error in the record having been pointed out by plaintiff in error, the judgment of the circuit court of Fayette county is affirmed.

*Judgment affirmed.*