People of the State of Illinois, Defendant in Error, v. Wade Hale, Plaintiff in Error.

Gen. No. 64–96.

Fifth District.
February 9, 1965.

Jack Johnston, Burnside & Dees, of Vandalia, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Louis A. McLaughlin, State's Attorney, of Vandalia, Fred G. Leach and George W. Kenney, Assistant Attorneys General, of counsel), for defendant in error.

MORAN, J.   This is an appeal from a judgment of the Circuit Court of Fayette County, Illinois, finding the plaintiff in error guilty of the crime of escape from the Illinois State Farm at Vandalia, Illinois, and from the sentence imposed by the court on that judgment.

In June, 1961, the plaintiff in error was sentenced by the Municipal Court of Chicago to serve a term of one year in the Illinois State Farm, for the offense of petit larceny. On October 10 of the same year, he walked away from the State Farm and was found by two guards about twelve miles from there early the following morning. He was returned and signed a statement admitting his escape.

He was indicted by the Grand Jury of Fayette County for the crime of escape from the Illinois State Farm in February, 1962. He was found guilty by the jury in May 1962, and sentenced to the penitentiary under the provisions of Chapter 118, Section 18, Ill Rev Stats, 1961, to a term of two to five years.

Plaintiff in error contends that the confession introduced into evidence at the trial, over the objection of defense counsel, constituted prejudicial error be-

cause the statement was not freely given and because all of the witnesses to the confession were not produced in court to testify as to its voluntary character. The record indicates that all but one of the persons attending the confession testified. The record further shows that the one person who was not called as a witness was so sick at the time of the trial that he was under a doctor's care and unable to appear in court. The persons attending the confession who did testify, testified without objection that the confession was freely and voluntarily given. No objection was made to the confession until it was offered into evidence at the end of the State's case. The only allegation of coercion is that the plaintiff in error was allegedly promised to be fed if he would sign the statement. The plaintiff in error testified he presumed that he would be fed whether he signed the confession or not. Furthermore, the plaintiff in error's own testimony corroborated the statement previously given by him and also corroborated the fact that it was freely and voluntarily given. Under these circumstances there was no prejudicial error committed by admitting the confession into evidence.

■■ Plaintiff in error also claims the court erred in sentencing him under Section 18 of Chapter 118, Ill Rev Stats, which deals specifically with escapees from the Illinois State Farm, rather than under the provisions of Section 31–6(b) of Chapter 38, Ill Rev Stats, which deals generally with persons convicted of misdemeanors who escape from penal institutions. The pertinent provision of Section 18 of Chapter 118 provides: "Whoever being a prisoner at the Illinois State Farm, escapes therefrom, or escapes while in the custody of an employee of the Farm, shall be imprisoned in the penitentiary not less than one year nor more than ten years." Section 31–6(b) of Chapter 38, Illinois Revised Statutes provides: "A person convict-

ed of a misdemeanor or charged with the commission of a misdemeanor who intentionally escapes from any penal institution or from the custody of an employee of that institution, shall be imprisoned in a penal institution other than the penitentiary not to exceed one year." The Supreme Court of Illinois in The People v. Callicott, 322 Ill 390, at 393, 153 NE 688 stated: "The State farm was created for a particular purpose and for a particular class of offenders. While it is a penal institution it is the only one of its particular kind in the State. The persons committed to it are all placed on the same footing and no discrimination is made by this statute among its inmates. Differing from other penal institutions, no walls of brick or stone have been built to retain its inmates, and for that reason the legislature may have enacted this statute to take their place and to act as a deterrent for the prevention of escapes." Paragraph 18 of Chapter 118 is a particular enactment that applies only to escapes from the Illinois State Farm, whereas paragraph 31–6(b) of the Criminal Code of 1961 is a general statute applying to the escape of all misdemeanants. A particular enactment found in the statute is operative as against general laws relating thereto. Ashton v. County of Cook, 384 Ill 287, 298, 51 NE2d 161.

Plaintiff in error contends further that the conviction should be reversed because of certain technical errors in the transcript of the former proceedings introduced into evidence by the State. This same contention has been previously answered by the Supreme Court of this State in People v. Hill, 17 Ill2d 112 at 115, 160 NE2d 779, wherein the court stated: "We do not find it necessary to discuss the validity of the technical objection thus raised because the contention rests upon a fundamentally erroneous premise.

"Basically, the contention is that a prisoner commits no crime when he escapes unless his commitment is

technically lawful in all respects. There are decisions that seem to have so held (e. g., People v. Ah Teung, 92 Cal 421, 28 P 577, 15 LRA 190; State v. Pishner, 73 W Va 744, 81 SE 1046, 52 LRA, NS, 369; State v. Ferguson, 100 Ohio App 191, 135 NE2d 884), and indeed Housh v. People, 75 Ill 487, looks in that direction, although the case is distinguishable on its facts. But a more realistic point of view has come to prevail. 'A prisoner in a penal institution under commitment by a court of competent jurisdiction may not defy his guards and run away. . . .' "

For the reasons herein, the judgment of the Circuit Court of Fayette County is hereby affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.