(No. 43729.—

(No. 43882.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HARRY FREY, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EDWARD J. MIRMELLI, Appellant.

*Opinion filed March 20, 1973.*

WARD, J., took no part.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel), for the People.

DENNIS J. HORAN, JEROME A. FRAZEL, JR., THOMAS J. CRISHAM, and DOLORES B. HORAN, of Chicago, for *amicus curiae* Dr. Bart Heffernan.

JAMES P. CHAPMAN and COGHLAN & JOYCE, all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM: These two consolidated appeals present the issue of the efficacy of criminal prosecutions under the Illinois Abortion Statute in light of the recent United States Supreme Court decision of *Roe v. Wade, 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705.* The Illinois statute in both appeals is identical, and for clarity

will be cited as Ill. Rev. Stat. 1963, ch. 38, par. 23—1.

In Docket No. 43882 defendant Dr. Edward J. Mirmelli, a licensed Illinois physician, was charged with performing an abortion which, according to the record, occurred during the first trimester of pregnancy. He was convicted following a jury trial in the circuit court of Cook County and sentenced to the penitentiary for a term of one to five years. The appellate court affirmed (*People v. Mirmelli, 130 Ill. App. 2d 1*), and we granted leave to appeal.

In Docket No. 43729 defendant Harry Frey was similarly charged. At his trial in the circuit court of Cook County the jury was unable to reach a verdict and a mistrial was declared. Defendant then filed a motion to dismiss the indictment contending that the abortion statute was unconstitutionally vague and infringed upon a woman's right to control her body. The trial court sustained the motion and the State appealed directly to this court. It appears from the record before us that defendant was not a physician currently licensed to practice in the State of Illinois on the date the alleged abortion was performed.

In *Roe v. Wade* the court was concerned with certain sections of the Texas Penal Code pertaining to abortion. The court characterized the Texas statutes as similar to those of numerous States, including Illinois. 410 U.S. 113, 118-119 n.2, 35 L. Ed. 2d 147, 157 n.2, 93 S. Ct. 705, 709 n.2.

The court weighed the interests of the pregnant woman against the interests of the State in preserving her health and in protecting the possible life of the unborn. It stated that during the first trimester "the attending physician, in consultation with his patient, is free to determine, without regulation by the State, that, in his medical judgment, the patient's pregnancy should be terminated. If that decision is reached, the judgment may

be effectuated by an abortion free of interference by the State." (410 U.S. at 163, 35 L. Ed. 2d at 183, 93 S. Ct. at 732.) The court further held that the State could establish reasonable rules designed to safeguard maternal health following the first trimester, such as regulations pertaining to those who might perform the abortion and the facilities where such procedures occurred. Finally, the court determined that only after the fetus was viable, *i.e.,* capable of life outside the mother's womb, could the State prohibit an abortion except where it was necessary to preserve the mother's life or health.

The Texas statute (art. 1196) of primary concern in *Roe v. Wade* read in part as follows:

> "Nothing in this chapter applies to an abortion procured or attempted by medical advice for the purpose of saving the life of the mother." Texas Penal Code, ch. 9, title 15, art. 1196.

After comparing this provision to the aforementioned guidelines, the court found that the statute was overly broad and violative of the due-process clause of the fourteenth amendment because it unduly limited the legal justification for an abortion (saving the life of the mother) and made no distinction as to the stage of pregnancy when the abortion was performed.

The court reasoned that the constitutional deficiencies of article 1196 resulted in the invalidity of the remaining Texas abortion provisions. "The exception of Art. 1196 cannot be stricken separately, for then the State would be left with a statute proscribing all abortion procedures no matter how medically urgent the case." 410 U.S. at 166, 35 L. Ed. 2d at 184, 93 S. Ct. at 733.

We note that in *Roe v. Wade* the court discerned no constitutional infirmities if the State prohibited an abortion being performed by a layman or in the State's restricting the term "physician" to include only those currently licensed as such by the State.

In the present appeals the statute under which the criminal proceedings were initiated (Ill. Rev. Stat. 1963, ch. 38, par. 23—1) states:

"(a) Any person commits abortion when he uses any instrument, medicine, drug or other substance whatever, with the intent to procure a miscarriage of any woman. It shall not be necessary in order to commit abortion that such woman be pregnant or, if pregnant, that a miscarriage be in fact accomplished. A person convicted of abortion shall be imprisoned in the penitentiary from one to 10 years.

(b) It shall be an affirmative defense to abortion that the abortion was performed by a physician licensed to practice medicine and surgery in all its branches and in a licensed hospital or other licensed medical facility because necessary for the preservation of the woman's life."

Section 23—1(b) is substantially identical to article 1196 of the Texas Penal Code for it unduly restricts the legal justification for an abortion and completely fails to distinguish when an abortion may be performed under the guidelines established in *Roe v. Wade.*

We therefore hold that section 23—1(b) is unconstitutional. The statutory provision which remains (Ill. Rev. Stat. 1963, ch. 38, par. 23—1(a)) would prohibit the performance of abortions by both physicians and laymen without distinction and without regard to medical necessity. This construction would be improper. We hold that section 23—1(a) is unconstitutional under the rationale of *Roe v. Wade.*

The conviction of Dr. Mirmelli must therefore be reversed. The statute creating the offense is invalid and a judgment entered thereon is erroneous and void. (*People v. Collins, 50 Ill.2d 295; People v. Hudson, 50 Ill.2d 1; People v. Eisen, 357 Ill. 105.*) We further conclude that the order of the circuit court dismissing the indictment in the *Frey* case was proper.

Accordingly the judgments of the appellate court and

circuit court of Cook County in cause 43882 are reversed. The order of the Circuit Court of Cook County in cause 43729 is affirmed.

*43729 - Order affirmed.*
*43882 - Judgments reversed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.