THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEWIS GARDNER, Defendant-Appellant.

(No. 72-185; ▮▮▮▮▮▮▮▮▮▮▮)

Third District—November 14, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Jose M. Nunes, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Lewis Gardner was indicted for the offense of escape, and pleaded guilty to the offense and was sentenced to prison for a term of 3 to 10 years with the sentence to run consecutively with the sentence he was serving at the time of escape (3 to 4 years for burglary). In his appeal from the judgment of the Circuit Court of Will County, defendant challenges the constitutionality of the statute under which he was convicted.

It is contended on appeal in this Court that defendant was denied equal protection of the law since he was convicted under Illinois Revised Statutes 1971, ch. 108, § 121. This section of the act provides that "whoever being a prisoner in the Illinois State Penitentiary escapes or attempts to escape therefrom * * * is guilty of a felony and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one year and not more than ten years; provided, however, that any sentence of imprisonment imposed upon conviction of any prisoner for so escaping or attempting to escape shall not commence until the expiration of the term which the prisoner was serving at the time of the escape." This section of the act was the one to which defendant had pleaded guilty. There is a second escape statute under which it is asserted appellant could have been (but was not) prosecuted, and that is Section 31—6(a) of Chapter 38, Illinois Revised Statutes, which provides:

> "A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution shall be imprisoned in the penitentiary from one to ten years."

In comparing the two statutes, it is revealed that they describe the same offense and that the only difference is that the first proposed a mandatory consecutive sentence, whereas the second impliedly allows a consecutive or concurrent sentence.

It is contended on the basis of *People v. McCollough*, 8 Ill.App.3d 963, 291 N.E.2d 505, that the State's Attorney has been improperly allowed to prosecute under either one of the sections, and that, therefore, defendant is unconstitutionally denied equal protection of the law. It is contended that there is no difference between the situation in which a State's Attorney was improperly allowed to choose whether to prosecute for a felony or a misdemeanor and the situation where the State's Attorney's choice was between an offense imposing a mandatory consecutive sentence or one permitting a concurrent sentence as in the instant case.

The State points out, however, that until January 1, 1973, the Illinois

Revised Statutes, ch. 38, § 31—6, now chapter 38, § 1005—8, contained a *general* statutory provision applying to escape. This provision simply specified that a person convicted of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution shall be imprisoned in the penitentiary from one to ten years. That statute attempted to relate the offense, not only to the place where committed, but also to the seriousness of the offense or the alleged offense for which a prisoner is held. A revision of the statute was approved in July 1961. At the same time there were also two *particular* enactments. Chapter 118, § 18, of the Illinois Revised Statutes provided specifically for a consecutive sentencing of escaped prisoners from the Illinois State Farm. Chapter 108, § 121, of Illinois Revised Statutes, similarly provided for consecutive sentencing of prisoners escaping from the Illinois State Penitentiary. It is, therefore, clear that by re-enacting the two *particular* statutes four days after the enactment of the *general* statute, the legislature did not intend to repeal the *general* statute but specifically intended to provide for *consecutive* sentences as specified in the *particular* statutes.

■■ The statute in question, ch. 108, § 121, is clearly constitutional. In *People v. Callicott,* 322 Ill. 390, 153 N.E. 688, the court held that the statute dealing with Illinois State Farm and escape therefrom is not in contravention of the Constitution of the State in that it violates § 22 of Article IV of the Constitution of 1870 in granting to prisoners confined at another prison, a special privilege and immunity. The court found that the legislative classification was not arbitrary. Also, in *People v. Landers,* 329 Ill. 453, 160 N.E. 836, which likewise dealt with an escape from the Illinois State Farm, the court said that the nature, character and extent of penalties are matters almost wholly legislative, and that the courts have jurisdiction to interfere with legislation upon the subject only where the penalty is manifestly in excess of the very broad and general constitutional limitations invoked. The court there upheld the statute. Likewise, in *Ashton v. County of Cook,* 384 Ill. 298, 51 N.E.2d 161, the Supreme Court considered the question of the choice of the availability of alternative statutes, and upheld the constitutionality of such procedure. It was stated specifically that where there is to be found in the statute a *particular* enactment it is held to be operative as against the provisions on the subject either in the same act or in the *general* laws relating thereto. All statutes relating to the same subject must be compared and so construed with reference to each other that effect may be given to all provisions of each if it can be done by a fair and reasonable construction. It is presumed that the several statutes relating to one

subject are governed by one spirit and policy and that the legislature intended them to be operative and harmonious. In *People v. Hale*, 55 Ill.App.2d 260, 204 N.E.2d 833, the Appellate Court distinguished between *particular* enactments and *general* statutes ch. 38, § 31—6, as against ch. 118, § 18). In that case, the court stated that paragraph 18 of ch. 118 is a *particular* enactment which applies only to escapes from Illinois State Farm, whereas paragraph 31—6(b) of the Criminal Code of 1961 is a general statute applying to escapes of all miscreants.

■■ It is apparent from the legislative provisions that the legislative intent was to provide that escapees from the penitentiary and from the Illinois State Farm should receive consecutive sentences. On the basis of such particular legislation, the State's Attorney had no discretion to prosecute an escapee from a county jail under ch. 108, § 121, nor could he prosecute an escapee from Illinois State Penitentiary under ch. 38, § 31—6. The obvious legislative purpose was to provide for consecutive sentencing of persons in confinement in the Illinois State Penitentiary and Illinois State Farm where the prisoners were serving longer sentences. It was apparently felt that only in this manner could the long-term prospective escapee be aware of incurring an additional penalty as a result of an attempted escape.

■■ We, therefore, conclude that the Act challenged does not violate the equal protection clause of the Constitution since it applies equally to members of the same class. Since we follow the precedents in this State in finding that the statute is not unconstitutional, the judgment of the Circuit Court of Will County will be affirmed.

Affirmed.

DIXON and SCOTT, JJ., concur.