THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY RAY CASPER, a Minor, Defendant-Appellant.

(No. 71-165;

Fifth District—September 23, 1974.

Robert E. Farrell and Richard E. Cunningham, both of State Appellate Defender's Office, of Mt. Vernon, and William J. Becker and Steven Willoughby, Senior Law Students, for appellant.

W. C. Spomer, State's Attorney, of Cairo, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant was charged by petition in the Circuit Court of Alexander County with being a delinquent child in need of supervision. An adjudicatory hearing was held, and the defendant was adjudged to be delinquent.

On this appeal, the defendant alleges that the juvenile petition was fatally defective and that the State failed to prove that he obstructed a police officer as alleged.

The juvenile petition stated:

"That on February 2, 1971, in the City of Cairo, Alexander County, Illinois, he committed the offense of violating the curfew law of the State of Illinois. That he was disorderly and resisted arrest and did obstruct officers of the Cairo Police Department in the performance of their duties."

■■ A delinquent minor is defined as "\* \* \* any minor who prior to his 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance; \* \* \*." (Ill. Rev. Stat., ch. 37, par. 702—2.) Section 4—1 of the Juvenile Court Act (Ill. Rev. Stat., ch. 37, par. 704—1(2)) provides that a juvenile petition shall set forth facts sufficient to bring the minor under section 2—1. Due process of law requires that a minor charged with being delinquent must be given notice of the charges against him. (*In re Gault*, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428.) The defendant contends that the instant petition did not state facts sufficient to bring him under section 2—1 and did not provide adequate notice of the charges against him. We disagree.

In the case of *In re Whittenburg*, 16 Ill.App.3d 224, 305 N.E.2d 363, a minor was alleged to be delinquent in that he committed the offense of aggravated battery upon an individual. The petition did not set forth all the elements of the offense of aggravated battery in that it did not allege the infliction of "great bodily harm" or "permanent disability or disfigurement." The defendant appealed the adjudication of delinquency alleging that the petition was fatally defective. The appellate court upheld the sufficiency of the petition and stated:

> "The basic test is whether the petition sets forth facts sufficient to bring the defendant within the statutory definition of delinquency. In this regard, the statutory definition is quite broad and includes any minor who has violated or even attempted to violate "\* \* \* any federal or state law or municipal ordinance \* \* \*." (Ill. Rev. Stat. 1971, ch. 37, par. 702—2.) On that basis, the simple language of the petition that the minor "\* \* \* committed a battery on William Vickers \* \* \*" was sufficient to charge delinquency \* \* \*." 16 Ill.App.3d at 225.

The petition in the instant case did allege that the defendant was a minor who had violated state laws including obstructing a peace officer and violating the curfew law. The petition also informed the defendant of the date of the alleged offenses, the city in which they took place and that the officers involved were members of the Cairo Police Department. While the petition could have been better drawn, we hold that it was sufficient to give the defendant proper notice of the charges and to bring the defendant within the statutory definition of delinquency.

The defendant also contends that the State failed to prove that he resisted or obstructed a police officer as alleged in the petition. Three police officers testified that the car in which the defendant was riding on the evening of February 2, 1971, was stopped because it matched the description of an automobile that was suspected of being used in a

burglary. The driver of the car opened the trunk of the car when requested to do so by police. The driver and two companions then stepped away from the car upon request. The defendant refused to move away from the car, however, and a struggle ensued during which the defendant struck one of the officers in the mouth. The offense of obstructing a police officer is defined as follows:

> "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." (Ill. Rev. Stat. ch. 38, par. 31—1.)

The defendant asserts that the police did not have probable cause to conduct a warrantless search of the car in which he was riding. He contends, therefore, that his obstruction of the police officer was not the obstruction of an *authorized* act.

■■ We deem it unnecessary to determine whether the police had probable cause to search the car or whether the State proved that the defendant was guilty of obstructing a peace officer. The defendant was adjudged delinquent on the grounds that he was guilty of obstructing a peace officer and that he violated the curfew law. The record supports the conclusion that the defendant did violate the curfew law, and the defendant does not allege in this appeal that the court's finding with respect to the curfew law was improper. The finding that a minor has violated or has attempted to violate any state law is sufficient to support an adjudication of delinquency.

No issue as to the constitutionality of the statutes here involved was raised in the trial court; hence, we will not consider such as issue on review. *People v. Amerman*, 50 Ill.2d 196, 279 N.E.2d 353.

For the foregoing reasons the judgment of the Circuit Court of Alexander County is affirmed.

Judgment affirmed.

EBERSPACHER, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN dissenting:

The petition was as the defendant claimed, fatally defective for failure to set forth facts sufficient to bring the defendant under section 2—1 of the Juvenile Court Act, as required by section 4—1(2)(a) of the Act (Ill. Rev. Stat. 1971, ch. 37, par. 704—1(2)(a)). Section 2—1 provides that proceedings under the Juvenile Court Act may be brought against minors alleged to be delinquent as defined in section 2—2 (Ill. Rev. Stat. 1971, ch. 37, par. 702—2). That section provides:

> "Those who are delinquent include (a) any boy who prior to

his 17th birthday or girl prior to her 18th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance; and (b) any minor who has violated a lawful court order made under this Act."

These sections require that the petition allege facts showing a minor to be delinquent. The juvenile petition stated:

"That on February 2, 1971, in the City of Cairo, Alexander County, Illinois, he committed the offense of violating the curfew law of the State of Illinois. That he was disorderly and resisted arrest and did obstruct officers of the Cairo Police Department in the performance of their duties."

The majority asserts that the Juvenile Court Act is satisfied if a petition merely states that a crime was committed against a particular person. This ignores the clear requirements of the statute. Aside from the date, the petition contained only conclusions of law. The petition thus failed to state facts sufficient to bring defendant under section 2—1 as required by section 4—1(2)(a).

The petition also violated defendant's right to due process under articles I and II of the Constitution of the State of Illinois and the Fourteenth Amendment to the United States Constitution because it failed to set forth the alleged misconduct with particularity and conform with notice which would be deemed constitutionally adequate in criminal proceedings. *In Re Gault*, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428; *In re Urbasek*, 38 Ill.2d 535; *People v. Heard*, 47 Ill.2d 501.

Even if the petition had been properly drawn, the trial court's decision should be reversed because the delinquency statute (Ill. Rev. Stat., ch. 37, par. 702—2) violates the due process clause of the Fourteenth Amendment of the United States Constitution and article I, section 2, of the 1970 Constitution of the State of Illinois. The language in question is:

"Those who are delinquent include (a) any  *  *  *  [minor] who  *  *  *  has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance;  *  *  *."

The constitutional requirement of definiteness in penal laws is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying rationale is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. If the language of the statute is given its ordinary, plain meaning, the statute makes delinquent all minors who violate any Federal law or the law of any State or municipality anywhere, regardless of

where the illegal act was performed. The statute incorporates the whole of the law of the United States, both civil and criminal, as grounds for declaring a minor delinquent. While citizens are presumed to know the law and mistake of law is usually not a defense, minors or their parents cannot be reasonably deemed to have notice of what conduct the act forbids.

The statute is also void because it gives authorities an impermissibly high degree of discretion in its enforcement. However the statute is construed, it is sufficiently broad to cover insignificant violations which should not constitute grounds for having a minor declared delinquent. Realistically, the determination of whether minor violations will be prosecuted rests to a great degree with the police and juvenile officers. The statute gives them the broadest latitude to apply the provisions in a discriminatory fashion according to their personal taste and prejudices. Their discretion is limited only by the requirement, easily overcome, that the officer find some kind of violation as a basis for initiating proceedings against the minor. The statute's almost total lack of standards allows authorities an impermissibly broad degree of discretion in violation of due process. *Thornhill v. State of Alabama*, 310 U.S. 88, 84 L.Ed. 1093, 60 S.Ct. 736; *Cantwell v.Connecticut*, 310 U.S. 296, 84 L.Ed. 1213, 60 S.Ct. 900; *Shuttlesworth v. Birmingham*, 382 U.S. 87, 15 L.Ed.2d 176, 86 S.Ct. 211; *Coates v. Cincinnati*, 402 U.S. 611, 29 L.Ed.2d 214, 91 S.Ct. 1686; *Papachristou v. City of Jacksonville*, 405 U.S. 156, 31 L.Ed. 2d 110, 92 S.Ct. 839; *Smith v. Goguen*, 415 U.S. 566, 39 L.Ed.2d 605, 94 S.Ct. 1242.

The last sentence of the majority opinion states, "The finding that a minor has violated or attempted to violate any State law is sufficient to support an adjudication of delinquency." I agree that the statute sweeps that broadly and that is what makes it unconstitutional.