THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM H. NELSON, Defendant-Appellant.

(No. 74-144;

Fifth District—March 12, 1975.

Stephen P. Hurley and Daniel M. Kirwan, both of the State Appellate Defender's Office, of Mt. Vernon, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (Bruce D. Irish and Myra J. Brown, both of Statewide Appellate Assistance Service, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant entered a negotiated plea of guilty to the crime of escape and was sentenced to a term of imprisonment of not less than 1 year nor more than 1 year and a day, the sentence to run consecutively to his prior sentence.

Defendant appeals with the sole contention that the statute under which he was sentenced is unconstitutional as a deprivation of equal protection of the law in violation of the fifth and fourteenth amendments to the Constitution of the United States and article I, section 2, of the Constitution of the State of Illinois, in that it requires the imposition of a consecutive sentence whereas another statute of Illinois punishing escape does not require imposition of a consecutive sentence.

The facts of the case may be simply stated. While imprisoned for theft at the Menard branch of the Illinois State Penitentiary defendant walked

away from a work detail and was found later the same day sitting in a tavern in Chester, Illinois. An indictment was returned charging defendant with escape from the penitentiary in violation of section 3—6—4(a) of the Unified Code of Corrections, (Ill. Rev. Stat., ch. 38, par. 1003—6—4(a)), a Class 2 felony punishable by a mandatory consecutive sentence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(g).) It was to this charge that defendant entered his plea of guilty.

The defendant alleges that the legislature has created an unreasonable classification scheme by providing for different sentencing provisions for two groups of defendants charged with the offense of escape even though the offenses are substantially identical. The first group, defendants charged with escape from the Adult Division, are prosecuted under section 3—6—4(a) and face a mandatory consecutive sentence pursuant to section 5—8—4(g). The second group, defendants who have been convicted of a felony but not yet sentenced and who escape from custody while awaiting sentencing, are prosecuted pursuant to section 31—6(a) of the Criminal Code and do not face a mandatory consecutive sentence. The defendant contends that this sentencing scheme constitutes a violation of equal protection of the law because there is no reasonable basis for distinguishing between those who escape from the custody of the Adult Division of the Department of Corrections and those who, having been convicted but not yet sentenced, escape from some other penal institution such as a county jail.

■■ We agree with the State that the defendant has waived the equal protection issue because it is raised for the first time in this court. The general rule is that nonjurisdictional questions which have not been properly presented in the trial court and preserved for review will not be considered on appeal. (*People v. Amerman*, 50 Ill.2d 196, 279 N.E.2d 353; *People v. Casper*, 22 Ill.App.3d 188, 317 N.E.2d 352.) In the *Amerman* case, the supreme court stated that:

> " 'It is fundamental that the question of the constitutionality of a statute cannot be properly raised for the first time in a court of review, but must have been presented to the trial court and ruled upon by it, and the person challenging its validity must have preserved proper exceptions to such ruling.' " 50 Ill.2d 196, 197.

■■ Defendant argues, however, that because the statutory sentencing scheme in issue in this case is invalid and because a penalty is a requisite of any offense, the charge did not state an offense and the trial court has no jurisdiction over defendant and the equal protection issue is tenable. The argument is without merit. If the defendant succeeds in this appeal, the result will be that section 5—8—4(g), the provision mandating a consecutive sentence, would be declared unconstitutional. The validity

of section 3—6—4(a) and the status of the offense of escape as a Class 2 felony would not be affected. In other words, even if the defendant's equal protection argument is meritorious, the trial court was vested with jurisdiction to prosecute the defendant pursuant to section 3—6—4(a).

The defendant further argues that even if the alleged error is deemed nonjurisdictional, the waiver rule should not apply in the instant case. He relies upon Supreme Court Rule 615(a) (Ill. Rev. Stat., ch. 110A, par. 615(a)) which provides in part: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." He also relies upon the supreme court case of *People v. Frey*, 54 Ill.2d 28, 294 N.E.2d 257. Defendant asserts that the *Frey* case has overruled the *Amerman* case and we are therefore justified in considering the equal protection issue even though it is raised for the first time on appeal. We do not agree with defendant's analysis of the effect of the *Frey* case. While it is true that the supreme court in the *Frey* case considered a constitutional question raised for the first time on appeal, it is apparent that the issue of waiver was neither raised nor decided in the *Frey* opinion and we therefore do not deem it to have overruled *Amerman*.

And we do not reach the equal protection issue on the basis of the plain error doctrine because we have determined that in fact no error is apparent. We reach this conclusion after an analysis of the statutory scheme of sentencing for the crime of escape.

■■ The validity of a legislative classification will be presumed, and the burden of rebutting that presumption is on the party challenging the validity of the classification. (*People v. Sherman*, 57 Ill.2d 1, 309 N.E.2d 562; *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407.) Unless the classification constitutes an infringement of a constitutionally protected interest or is inherently suspect, all that is required to sustain it is that it have some rational and reasonable basis. *Lindsey v. Normet*, 405 U.S. 56, 31 L.Ed.2d 36, 92 S.Ct. 862; *People v. Sherman; People v. McCabe*.

■■■ The classification involved in the case at bar is not inherently suspect and does not constitute an infringement of a constitutionally protected interest. Furthermore, the classification does have some rational and reasonable basis. Contrary to the argument made by the defendant, a person who has been convicted of a crime and is incarcerated while awaiting sentencing is in a different position than is a defendant incarcerated in the Adult Division of the Department of Corrections. The person who has been convicted but not yet sentenced has a very important portion of the legal process still before him. In most cases, such a person is awaiting the completion of a presentence report from the

probation office, a report that may prove to be favorable to the defendant. The defendant has the right to a sentencing hearing at which he has the right to be represented by counsel and to present evidence favorable to his position. There is a possibility that the defendant will receive probation or a very light sentence. Finally, there is a possibility that the defendant may be benefited by the filing of a post-trial motion. The convicted defendant who is awaiting sentencing, in other words, has some reason to hope that he may not have to serve time in the penitentiary or that his term may be a short one. The defendant who has already been sentenced to the penitentiary, on the other hand, is faced with the harsh reality that he has a certain amount of time to serve in the custody of the Department of Corrections. It is conceivable that, because of the above difference, a person who is awaiting sentencing may be less likely to attempt an escape than would a person in the custody of the Adult Division of the Department of Corrections. Our legislature may have believed that a person who has an inclination to commit the offense of escape may be more likely to attempt the escape after conviction and sentencing rather than prior to sentencing. The legislature may have reasonably believed, therefore, that a mandatory consecutive sentence for the offense of escape from the Adult Division was justified as an additional deterrent against that offense. See *People v. Callicott*, 322 Ill. 390, 153 N.E. 688; *People v. Hale*, 55 Ill.App.2d 260, 204 N.E.2d 833.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.