THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH DIAZ, Defendant-Appellant.

(No. 74-260;

Third District—December 11, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

·Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Joseph Diaz, was indicted on four counts of delivery of more than 30 grams of a controlled substance (cocaine), under section 401(a) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, § 1401(a)). He plead guilty to all counts in the Circuit Court of Peoria County and was sentenced to four concurrent terms of not less than 15 nor more than 50 years in the penitentiary.

The only issue presented for review is whether the convictions were based on a statute which violates the due process and equal protection clauses of the Federal and State constitutions by allowing the penalty to be determined by the weight of the substance containing the cocaine rather than the actual quantity of cocaine.

We have reviewed the record and have found that this issue was never raised during the proceedings in the trial court. The question of the constitutionality of a statute is properly presented for review only when it has been raised and passed upon by the trial court. *People v. Amerman*, 50 Ill.2d 196, 279 N.E.2d 353 (1971); *People v. Luckey*, 42 Ill.2d 115, 245 N.E.2d 769 (1969), *cert. denied*, 397 U.S. 942, 25 L.Ed.2d 122, 90 S.Ct. 955 (1970); *People v. Smith*, 20 Ill.App.3d 1003, 313 N.E.2d 269 (3d Dist. 1974).

In *People v. Amerman* our supreme court stated that:

"'It is fundamental that the question of constitutionality of a statute cannot be properly raised for the first time in a court of review, but must have been presented to the trial court and ruled upon by it, and the person challenging its validity must have preserved proper exceptions to such ruling. * * *'" 50 Ill.2d 196, 197.

It is contended that *Amerman* and *Luckey* have been impliedly overruled by *People v. Frey*, 54 Ill.2d 28, 294 N.E.2d 257 (1973). See also *People v. Graves*, 23 Ill.App.3d 762, 320 N.E.2d 95 (1st Dist. 1974).

In *Frey,* which was a consolidated appeal by two defendants convicted under the Illinois abortion statute, one of the defendants has specifically raised the constitutional issue in a motion to dismiss the indictment. More importantly, prior to the appeal, the United States Supreme Court had rendered its decision on similar abortion statutes in *Roe v. Wade,* 410 U.S. 113, 35 L.Ed.2d 147, 93 S.Ct. 705 (1973.). Under these circumstances, our supreme court ruled on the constitutional issue despite one defendant's failure to raise it in the trial proceedings.

■■ However, as demonstrated by *People v. Sarelli,* 55 Ill.2d 169, 302 N.E.2d 317 (1973), it is only where the statute in question has already been determined to be unconstitutional that considerations of fundamental fairness require ruling on the same issue, even though it was not raised in the trial court. In *Sarelli,* a defendant who had been convicted for sale of marijuana under the Narcotic Control Act challenged the constitutionality of the statute for the first time in a post-conviction proceeding. As the statute had previously been held to be unconstitutional in *People v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407 (1971), the supreme court held that reversal of the conviction was mandated, despite the failure of defendant to properly raise the issue.

■■ We hold, therefore, that absent the circumstances of *Frey* or *Sarelli,* the issue of the constitutionality of a statute is waived unless presented to the trial court. ·(*People v. Koppen,* 29 Ill.App.3d 29, 329. N.E.2d 421 (2d Dist. 1975); *People v. Jackson,* 26 Ill.App.3d 825, 329 N.E.2d 411 (1st Dist. 1975); *People v. Nelson,* 26 Ill.App.3d 227, 324 N.E.2d 719 (5th Dist. 1975); *People v. Kadlec,* 21 Ill.App.3d 289, 313 N.E.2d 522 (3d Dist. 1974).) Inasmuch as defendant plead guilty to these charges without ever challenging the constitutional validity of the statute, we decline to consider the issue at this time.

Accordingly, we affirm the judgments of conviction of the Circuit Court of Peoria County.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.