THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICKY DOUTHIT, Defendant-Appellant.

Fifth District    No. 75-422

Opinion filed August 3, 1977.

G. J. MORAN, J., dissenting.

Michael J. Rosborough and Ann Hilbert Blandford, both of State Appellate Defender's Office, of Mt. Vernon, and David Y. Eberspacher, law student, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish, of Illinois State's Attorneys Association, and Thomas C. Berglund, law student, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant Ricky Douthit appeals from his conviction of burglary after a jury trial in the Circuit Court of Madison County.

In the early morning hours of March 1, 1975, two Collinsville police officers were dispatched to the Park Place Tavern to investigate a burglary in progress. Defendant and Donald Muench (who was tried separately) were observed inside the tavern holding bottles of liquor, and one of the officers overheard a conversation to the following effect: "Let's get what we can and get out of here." "All right, I'm hurrying." Defendant and Muench were apprehended shortly after they left the tavern. Defendant was identified at trial by both police officers.

At trial, defendant raised the affirmative defense that he was so intoxicated at the time of the offense that he was incapable of acting knowingly and intentionally, as required to commit the crime of burglary. (See Ill. Rev. Stat. 1975, ch. 38, pars. 6—3(a), 19—1(a).) He and Donald Muench both testified to the extensive drinking they had done, beginning in the early evening of the previous day and ending about 3:30 a.m., shortly before their arrest. By that time, they testified, they were both so drunk that they didn't know what they were doing. Defendant testified that he remembered nothing from the time he left a friend's trailer, at about 3:00 a.m., until he awoke in jail. The arresting officers, however, were of the opinion that, although defendant had been drinking, he realized what was going on. The jury was instructed, in accordance with IPI Criminal No. 24.02, that an intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting intentionally. The jury returned a verdict of guilty of burglary. Defendant's post-trial motion was denied, and he was sentenced to two to seven years' imprisonment.

Defendant contends on appeal that his constitutional rights to compulsory process for obtaining witnesses in his favor and to due process of law were violated by the court's exclusion of two witnesses because of defendant's failure to inform the State, in response to its discovery motion that he intended to call them at trial. Alternatively, he urges that the court's exclusion of the witnesses was an abuse of judicial discretion.

The record reveals the following facts necessary for an understanding of defendant's arguments. Defendant was indicted on March 27, 1975. The public defender was appointed on April 9 to represent him for purposes of arraignment only, as the court found that defendant was not indigent. He was instructed to retain private counsel within seven days. That same day, April 9, both the State's attorney and the public defender filed motions for discovery. The State's motion sought discovery, *inter alia*, of any defenses the defendant intended to make and the names and addresses of witnesses he intended to call at trial. On April 14, the State responded to defendant's motion. On May 20, by retained counsel, defendant filed another motion for discovery. The case went to trial on June 5.

On the second day of trial, after the State had presented its case and defendant's motion for directed verdict was denied, defense counsel indicated in chambers that he intended to call four witnesses: defendant, Donald Muench, Gary Muench, and Rocky Reed. The State's attorney objected to the testimony of the latter two witnesses, as their names had not been disclosed in response to the discovery motion. He argued that defense counsel was experienced in the criminal field, had seen the State's

discovery motions many times before, and should have been aware of the duty to disclose the names of the prospective witnesses. Defense counsel stated that he had never received any motions or requests for discovery from the State's attorney. He continued:

> "* * * It seemed unusual. I did not investigate any further. I didn't ask them why. I never looked at the court file until a bit ago when the case was coming up for trial. Yes, I looked at the court file, he has never either orally or in any way asked me for anything. * * * He never asked me for any list of witnesses. He didn't consider any defense to be of any value. * * *"

The court stated that defense counsel "is a trial attorney and knows the local rules in this court that at arraignment, discovery is ordered or entered by the court. It's totally unfair if we're going to have discovery ordered to have one side comply and the other side withhold discovery compliance until the last minute."

The court continued:

> "* * * Holding the attorney in contempt does not ease the problem of the unfairness of allowing the witness to testify. Continuation is out. Today is Friday. Continuance in order for the State to interview their witnesses or trying to obtain other witnesses is totally unfeasible at this stage of the game. If this case goes on appeal, I want the reviewing court to outline just how far a trial judge can go. I say what is good for the goose is good for the gander. If the State is going to comply, then the defense has got to comply with the discovery rule. I'm going to rule these two, Reed and Muench, not be allowed to testify in this case because of the failure to comply with the discovery rule."

Defense counsel then stated that Reed had been with defendant until about half an hour before the burglary, and would testify that defendant had been drinking all night and "was out of his head." Counsel asserted that "[t]he night before this trial was the first time I learned that the boy had been drinking and had this defense."

However, the court held to its ruling, stating:

> "Mr. Massa is an experienced trial lawyer and knows in Madison County at arraignment time the discovery rule is ordered or put on each party * * *. He didn't look in this file until the trial started. If he would have, he would have discovered that the order was effective April 9, 1975. Further, it's not the duty of the State's Attorney to file discovery motions on each attorney who is appointed to represent the defendant."

■■ Despite appellate counsel's excellent brief on the issue of the constitutionality, as applied to a criminal defendant, of that portion of Supreme Court Rule 415(g)(i) (Ill. Rev. Stat. 1975, ch. 110A, par.

415(g)(i)) authorizing exclusion of evidence for failure to comply with a discovery rule,[1] we deem that issue, raised for the first time on appeal, to have been waived. (See *People v. Amerman*, 50 Ill. 2d 196, 279 N.E.2d 353 (1971); *People v. Eubank*, 46 Ill. 2d 383, 263 N.E.2d 869 (1970); *People v. Nelson*, 26 Ill. App. 3d 227, 324 N.E.2d 719 (5th Dist. 1975).) There is nothing in the record to indicate that defense counsel ever raised any constitutional objection during the extensive in-chambers discussion summarized above, nor did he do so in his post-trial motion, which requests a new trial solely on the ground that "[t]he court erred in ruling that the defendant could not call Glen Muench and Rocky Reed to testify to defendant's state of intoxication at the time of the commission of the alleged burglary." As we read this motion, it raises only the nonconstitutional question whether the trial court abused its discretion in exercising the exclusion sanction. Failure to raise an issue, including a constitutional issue, in the written motion for a new trial constitutes waiver of that issue, and it cannot be urged as a ground for reversal on review. *People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856 (1973).

■■ Nor do we think that the trial court abused its discretion in excluding the two proffered witnesses. Defendant urges that the failure to comply with the prosecutor's motion for discovery was not a tactical maneuver or bad faith attempt to surprise the prosecution, but "an unintentional error arising out of the transition from appointed to retained counsel." However, defense counsel admitted that he did not investigate even though it seemed "unusual" to him that the State would not seek discovery of his potential witnesses. In light of his knowledge of criminal practice and procedure in Madison County, we think this lack of due diligence may simply have been a tactical maneuver aimed at surprise.[2] The fact that defense counsel waited until the close of the State's case, two days after he allegedly learned of the supposed intoxication defense, to inform the State or the court of the two witnesses, was without doubt a violation of his continuing duty to disclose, as set out in Supreme Court Rule 415(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 415(b)).

[1] Defendant has not cited any case from any jurisdiction holding the preclusion sanction unconstitutional as applied to a criminal defendant, and we are aware of none. The United States Supreme Court has yet to decide whether the Sixth Amendment forbids such a sanction. See *Wardius v. Oregon*, 412 U.S. 470, 472 n. 4, 37 L. Ed. 2d 82, 86 n. 4, 93 S. Ct. 2208, 2211 n. 4 (1973), and *Williams v. Florida*, 339 U.S. 78, 83 n. 14, 26 L. Ed. 2d 446, 451 n. 14, 90 S. Ct. 1893, 1897 n. 14 (1970). See also Note, *The Preclusion Sanction—A Violation of the Constitutional Right to Present a Defense*, 81 Yale L.J. 1342 (1972); ABA Standards Relating to Discovery and Procedure Before Trial 107-08 (1970). And see *People v. Rayford*, 43 Ill. App. 3d 283, 356 N.E.2d 1274 (5th Dist. 1976), where this court found it unnecessary to consider whether the use of the exclusion sanction against a criminal defendant would ever be constitutionally permissible.

[2] Given the evidence against his client, who was apprehended in the process of committing a burglary, this court finds it difficult to give much credence to defense counsel's contention that he only learned of a possible intoxication defense the night before trial. One wonders what defense he had previously intended to make.

This failure by defense counsel promptly to notify the State and the court of the intention to call the witnesses distinguishes the instant case from *People v. Rayford*, 43 Ill. App. 3d 283, 356 N.E.2d 1274 (5th Dist. 1976), cited by defendant. In *Rayford*, this court found that there was

> "some question as to whether the defendant actually failed to comply with the discovery rules. The record indicates that the defense became aware of this witness and the relevance of his testimony only after trial had begun and immediately informed the prosecutor and the court of its desire to offer the witness for the defense. Thus, the defense met its duty to disclose as soon as the intent to call the witness was formed, and then the trial court's duty was simply to safeguard against surprise [citation], rather than to impose a sanction for failure to comply with a discovery rule." (43 Ill. App. 3d 283, 387, 356 N.E.2d 1274, 1277.)

The court in *Rayford* concluded, therefore, that under the circumstances of that case, defendant's conduct fell "far short of the flagrant violation which might justify the use of such a drastic measure as exclusion." 43 Ill. App. 3d 283, 287, 356 N.E.2d 1274, 1277-78.

After a careful examination of the record in the instant case, we have concluded that it does reveal such a flagrant violation, justifying the court's resort to the sanction of exclusion. Despite his knowledge of the existence of the two witnesses for at least two days, defense counsel waited until after the State had presented its case, and after defendant's motion for a directed verdict had been denied, before making known his intention to call the witnesses. We think that the trial court could draw from these circumstances a justifiable inference of lack of good faith on the part of defense counsel. See *State v. Scott*, 24 Ariz. App. 203, 537 P.2d 40 (1975), for a strikingly similar case reaching the same result.

Our conclusion that the use of the exclusion sanction was not an abuse of discretion is strengthened by the fact that defendant was not thus entirely precluded from presenting his intoxication defense. The exclusion of the testimony of these two witnesses was not, we think, so prejudicial as the action of the court in *People v. Johnson*, 47 Ill. App. 3d 362, 362 N.E.2d 701, where we held that defendant was deprived of material testimony without his fault by the exclusion of a witness who had remained in the courtroom in violation of a sequestration order. There we pointed out that there was "no suggestion that defendant or his attorney was in any way responsible" for the witness' violation of the rule, and that the jury might well have found the testimony of the excluded witness, as an officer of the court and a white man in a case fraught with racial implications, more credible than that of defendant's other witnesses. These factors are absent here, where the lack of diligence of defense counsel alone resulted in the loss of this cumulative testimony on the issue of intoxication.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

Both the trial court and the majority of this court have assumed that the trial court has power to exclude witnesses when the lawyer and not the party does not comply with Supreme Court Rule 413(d)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 413(d)(i)) which reads in part as follows:

> "(d) Defenses. Subject to constitutional limitations and within a reasonable time after the filing of a written motion by the State, defense counsel shall inform the State of any defenses which he intends to make at a hearing or trial and shall furnish the State with the following material and information within his possession or control:
>
> (i) The names and last known addresses of persons he intends to call as witnesses * * *."

It is crystal clear that this rule applies only to the lawyer and not his client. The duty to furnish witnesses he intends to call is put on the lawyer and not the client for a good reason. The lawyer has to make the decision as to what witnesses he will use in his client's defense. This decision is strictly the lawyer's prerogative, for it is he who has the duty to conduct the defense through all stages of the proceeding. It stands to reason he does not have to disclose witnesses unfavorable to his client's defense even though those witnesses may be furnished to him by his client.

The authority to exclude witnesses is found in Supreme Court Rule 415(g)(i) and (ii) which reads:

> "(g) Sanctions.
>
> (i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just the circumstances.
>
> (ii) Wilful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court."

Since the duty to furnish witnesses pursuant to Supreme Court Rule 413(d) is the lawyer's and not the party's, a lawyer's failure to disclose witnesses, whether intentionally or negligently, cannot be the fault of the

party. However, the client is being punished for his lawyer's transgression.

There are two separate punishments provided for in Rule 415(g) for failure to comply with discovery rules. Rule 415(g)(i) provides for punishment of the party and 415(g)(ii) for punishment of the lawyer. By describing the sanctions separately, the Rule seeks to sanction the one responsible for the violation, *i.e.*, if the party violates the Rule he may be sanctioned for his violation, while if the lawyer violates the rule he may be sanctioned for his violation. It follows that a party cannot be punished for his lawyer's transgression and vice versa. Here the punishment is meted out to the one who is innocent of the transgression.

Prior to punishing the defendant in this case for his lawyer's violation of the discovery rule, the trial court called attention to the fact that defendant's lawyer was an experienced and able lawyer, knew the custom and practice in Madison County that at arraignment time "the discovery rule is ordered or put on each party * * *." Under this rationale the more able the lawyer, the more likely the client is to suffer.

Preclusion of evidence is a harsh and illegal sanction in a case where the lawyer and not the party violates the discovery rules. It threatens the conviction of an individual who may be innocent of the crime for which he is charged because of his lawyer's commission of a separate wrong—the failure to furnish information which only the lawyer had a duty to furnish.

The defendant in this case has been deprived of a fundamental right guaranteed him by the sixth amendment to the Constitution of the United States.

> "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19, 18 L. Ed. 2d 1019, 1023, 87 S. Ct. 1920.

The rationale that "what is good for the goose is good for the gander" may be relevant to a civil trial but cannot apply to a criminal proceeding for under our Constitution the State has the burden of proving a defendant guilty beyond a reasonable doubt.

The exclusion of witnesses in this case sets an ominous precedent for future criminal trials. A party can be deprived of a defense because of the transgressions of his lawyer, intentional or unintentional.