THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LOUISE BROOKS, Defendant-Appellee.*

(No. 74-226;

Third District—November 14, 1975.

---

* Identical opinions were filed in:
  *People v. Sumner* (No. 74-287), *People v. Page* (No. 74-288), *People v. Seiber* (No. 74-291), *People v. Birkey* (No. 74-292), *People v. Brown* (No. 74-305).

Michael Mihm, State's Attorney, of Peoria (James Christy, Assistant State's Attorney, of counsel), for the People.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is by the People from the order of the circuit court of Peoria County dismissing the indictments against the defendant, Louise Brooks, and other defendants in consolidated causes. Defendant was indicted under the theft provisions of the Criminal Code for the felony offense of theft of property valued at over $150 resulting from the alleged deception of the Illinois Department of Public Aid. She filed a motion to dismiss the indictment on the ground the statute of limitations for misdemeanors had run and therefore she couldn't be prosecuted under the theft provisions of the Criminal Code since the Illinois General Assembly specifically provides this particular kind of crime constitutes a Class A misdemeanor under the Public Aid Code. The trial court granted defendant's motion to dismiss the indictment and the People appeal.

Defendant's alleged conduct consisted of creating an impression in the Illinois Department of Public Aid which was false and which she did not believe to be true that she had no income from her husband, when in fact she did have income from her husband during the said period of time in excess of $150 in value. This conduct is specifically proscribed under the fraud-penalty section of the Public Aid Code as follows:

> "Any person who by means of any false statement, willful misrepresentation, or failure to notify the county department or the local governmental unit, as the case may be, of a change in his status as required by Sections 11—18 and 11—19, for the purpose of preventing the denial, cancellation or suspension of his grant, or a variation in the amount thereof, or through other fraudulent device obtains or attempts to obtain, or aids or abets any person in obtaining financial aid under this Code to which he is not entitled, shall be guilty of a Class A misdemeanor." (Ill. Rev. Stat. 1973, ch. 23, par. 11—21.)

This same alleged conduct is also proscribed under the general theft provisions of the Criminal Code as follows:

> "A person commits theft when he knowingly:
>     *   *   *

(b) Obtains by deception control over property of the owner;

\* \* \*.

\* \* \*

(e) Sentence.

\* \* \*

(2) Theft of property from the person or exceeding $150 is a Class 3 felony." Ill. Rev. Stat. 1973, ch. 38, par. 16—1.

■■ The People contend the prosecutor has the discretion to proceed under the general theft provisions of the Criminal Code rather than the specific fraud provisions of the Public Aid Code. Defendant argues the fraud-penalty section of the Public Aid Code is a particular legislative enactment operative against general laws coincidentally prohibiting the same conduct. The general rule is particular enactments are operative as against general laws relating to the same subject. (*People v. Hale*, 55 Ill.App.2d 260, 204 N.E.2d 833; *People v. Gardner*, 15 Ill.App.3d 255, 304 N.E.2d 125; *People v. Taylor*, 18 Ill.App.3d 480, 309 N.E.2d 595.) The issue here is whether it was the legislative intent that public aid fraud cases be prosecuted exclusively under the fraud-penalty section of the Public Aid Code.

■■ The legislative intent becomes apparent from an examination of the two statutes. The fraud-penalty section of the Public Aid Code was enacted at a time when the general theft provisions of the Criminal Code were in effect, the theft provisions being in effect since 1819 and the fraud-penalty section since 1949. Although an offense under the fraud-penalty section of the Public Aid Code constitutes a misdemeanor rather than a felony, the fraud-penalty section provides broader remedies than the theft provisions of the Criminal Code in that the offender must refund the amount fraudulently obtained to the appropriate local governmental unit and if not refunded such refund is recoverable in a civil action. It is also significant the fraud-penalty section specifically provides the penalty for perjury be as provided in section 32—2 of the Criminal Code. No such provision is made regarding any other matter in the fraud-penalty section. It is apparent from these legislative provisions that the legislative intent was to provide that public aid fraud cases be prosecuted exclusively under the fraud-penalty section of the Illinois Public Aid Code.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.